Bob E. FEWELL and Holdingsco, Inc. *v.* Mike PICKENS, Insurance Commissioner, American Investors Life Insurance Co., Arkansas Life & Disability Insurance Guaranty Association

01-339 57 S.W.3d 144

Supreme Court of Arkansas
Opinion delivered October 11, 2001

*Perroni & James Law Firm*, by: *Samuel A. Perroni* and *Patrick R. James*, for appellants.

*Friday, Eldredge & Clark*, by: *William A. Waddell, Jr.*, for appellee.

JIM HANNAH, Justice. Appellants Bob E. Fewell and Holding-sco, Inc., appeal from the Pulaski County Circuit Court's order liquidating American Investors Life Insurance Company (American Investors) as part of the ongoing receivership action previously addressed in a prior appeal by these parties. *See Fewell v. Pickens*, 344 Ark. 368, 39 S.W.3d 447 (2001) (*"Fewell I"*). In the prior appeal, Fewell and Holdingsco appealed the Pulaski County Circuit Court's orders appointing a receiver for American Investors, enjoining the appellants from transacting business for the company, denying their motion to vacate the order appointing the receiver,

granting an injunction, and denying their motion to strike an affidavit of service. The appellee is Mike Pickens, who is the Arkansas Insurance Commissioner and appointed receiver.

A summary of facts leading to the first appeal in this matter is contained in our prior opinion and will not be restated here. However, the facts leading to this present appeal occurred during the pendency of that appeal, and they are summarized herein. On January 26, 2001, the Insurance Commissioner filed an Application for Order to Show Cause and for Order of Liquidation. The trial court scheduled a hearing on this motion for February 23, 2001.

On February 5, 2001, Fewell and Holdingsco filed a motion to dismiss, strike, or stay the Commissioner's application for a show-cause order and order of liquidation arguing that such an application was an "admission" that the original receivership was improper and that this was an attempt to transfer the burden of proof from the Insurance Department to American Investors and the appellants. Fewell and Holdingsco also argued that the show-cause proceedings should be stayed pending the appeal of the appointment of the receiver. Fewell and Holdingsco requested in a separate document filed February 7, 2001, that the trial court postpone the scheduled hearing on Feburary 23, 2001, so that discovery could be completed.

In addition to the pleadings filed in circuit court, Fewell and Holdingsco petitioned the Arkansas Supreme Court for a Writ of Prohibition to prohibit the trial court from proceeding on the application, and this court denied the writ on February 15, 2001, after oral arguments. Fewell and Holdingsco then sought a stay in the trial court, and the trial court denied the stay. Upon this denial by the trial court, Fewell and Holdingsco renewed their Petition for Writ of Prohibition, and this court again denied the petition without prejudice on February 22, 2001, and indicated that the issue of the trial court's jurisdiction to hear the matter of liquidation could be raised again on appeal.

The trial court held the hearing on February 23, 2001, at which the Commissioner presented evidence for his petition for liquidation. Following the hearing, the trial court entered its Order of Liquidation requiring the appointed receiver to liquidate American Investors and to prohibit Fewell, Holdingsco, and American Investors from doing anything to diminish the value of American Investors or any of its holdings and assets. Fewell and Holdingsco filed a notice of appeal on March 5, 2001.

On April 5, 2001, this court issued its opinion regarding the legality of the trial court's appointment of a receiver and initiation of delinquency proceedings in August 2000. *See Fewell I.* In the opinion, this court specifically found, among other things, that Fewell and Holdingsco bargained away their ability to challenge the Commissioner's initiation of delinquency proceedings and claim for receivership in the 1999 Agreements detailed in our prior opinion. This court found that Fewell and Holdingsco waived the statutory requirements under Ark. Code Ann. § 23-68-104 (Repl. 1994), for an Order to Show Cause and Petition for Receivership. The Court further found that the Arkansas Uniform Insurers Liquidation Act, Ark. Code Ann. §§ 23-68-101 — 23-68-132 (Repl. 1994, Supp. 1999) (Uniform Act), is a special statutory proceeding that usurps the Rules of Civil Procedure, thus allowing the trial court to conduct the proceedings outside the constraints of those rules.

### I. Application of Ark. Code Ann. § 23-68-104

In their first argument on appeal, Fewell and Holdingsco argue that the trial court erred in failing to follow the statutory procedures in Ark. Code Ann. § 23-68-104 requiring the Commissioner to apply for an order to show cause and the trial court to conduct a "full hearing" on that application. The Commissioner argues that Ark. Code Ann. § 23-68-104 does not apply and that Fewell and Holdingsco did not show that failure of the trial court to proceed under that provision was error.

We do not reach this issue because our prior opinion holds that Fewell and Holdingsco waived their right to a show-cause order and a hearing under the 1999 Agreements. In our opinion issued on April 5, 2001, we stated that:

> In light of the language contained in the 1999 Agreements between the parties, we conclude that the statutory requirements of § 23-68-104 do not control in this case. It is true that § 23-68-104 contemplates the commissioner's petition for an order to show cause and a full hearing before granting that petition. But Fewell and Holdingsco waived those statutory requirements under the Uniform Act by consenting to an immediate receivership in the event of breach without prior notice. The standard definition of waiver is the voluntary abandonment or surrender by a capable person of a right known by him to exist, with the intent that he will forever be deprived of its benefits. *Pearson v. Henrickson,* 336

Ark. 12, 983 S.W.2d 419 (1999) (citing *Continental Ins. Cos. v. Stanley*, 263 Ark. 638, 569 S.W.2d 653 (1978)); *Smith v. Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993). Fewell and Holdingsco clearly agreed in 1999 to waiver of their statutory rights under § 23-68-104, if Pickens would forebear placing them into receivership at that time.

The circuit court found that the appellants had consented to the entry of an order of receivership without prior notice. We agree with the court's finding and hold that Fewell and Holdingsco waived their rights under § 23-68-104 by executing the 1999 Agreements. We hold, in addition, that the immediate entry of a receivership order on July 11, 2000, with the permanent injunction, albeit entered ex parte, did not violate due process protections. We further note that on August 4, 2000, the appellants did have the opportunity to be heard on the circuit judge's order. Indeed, at that time they made their argument to the judge concerning the alleged lack of a 1999 True Up Calculation and moved that the July 11, 2000 order be set aside. This request was denied. The August 4, 2000 hearing, in our view, provided the appellants with an opportunity to be heard on the legitimacy of the receivership order.

*Fewell I*, 344 Ark. at 380. Clearly, we held that Fewell and Holdingsco waived their right to a show-cause order and hearing under the 1999 Agreements. Those Agreements contained this language:

However, upon breach of any one of the aforesaid covenants, the Company, the Parent and Fewell hereby agree and consent to the immediate commencement and entry of an order granting receivership against the Company by the Department under Ark. Code Ann. § 23-68-101 through § 23-68-132 and waive prior notice of entry of an order of permanent receivership.

Such a waiver extends to this case because we hold that Ark. Code Ann. § 23-68-104 only applies to the "commencement" of delinquency proceedings, which necessarily means that it applies to the initiation by the Commissioner of the proceedings to place an insurance company into receivership. The statute at issue, Ark. Code Ann. § 23-68-104, states:

*Commencement of delinquency proceedings.*

The commissioner shall commence any such proceedings by application to the court for an order directing the insurer to show

cause why the commissioner should not have the relief prayed for. On the return of such order to show cause, and after a full hearing, the court shall either deny the application or grant the application, together with such other relief as the nature of the case and the interests of the policyholders, creditors, stockholders, members, subscribers, or the public may require.

The term "delinquency proceeding" is defined in Ark. Code Ann. § 23-68-102(3) as:

(3) "Delinquency proceeding" means any proceeding commenced against an insurer pursuant to this chapter for the purpose of liquidating, rehabilitating, reorganizing, or conserving such insurer.

These statutory sections indicate that the initial filing of delinquency proceedings by the Commissioner must involve an application for an order to show cause and a full hearing on that initial application to institute delinquency proceedings. However, subsequent proceedings, which are not "commencement" proceedings, do not fall under the requirements of Ark. Code Ann. § 23-68-104.

The Uniform Act supports a finding that the trial court is not required to enter a show-cause order and hold a "full hearing" after the "commencement" of the action. In Ark. Code Ann. § 23-68-107, the statute provides for a procedure allowing the Commissioner to apply for liquidation. The statute states:

23-68-107. *Grounds for liquidation.*

The commissioner may apply to the court for an order appointing him as receiver, if his appointment as receiver shall not be then in effect, and directing him to liquidate the business of a domestic insurer or of the United States branch of an alien insurer having trusted assets in this state, regardless of whether or not there has been a prior order directing him to rehabilitate such insurer, upon any of the grounds specified in 23-68-106, or if the insurer:

(1) Has ceased transacting business for a period of one (1) year; or

(2) Is an insolvent insurer and has commenced voluntary liquidation or dissolution or attempts to commence or prosecute any action or proceeding to liquidate its business or affairs or to dissolve

its corporate charter or to procure the appointment of a receiver, trustee, custodian, or sequestrator under any law except this code.

This statute obviously does not provide for a hearing upon the application by the Commissioner for an order to liquidate. Instead, it merely requires, at the least, an application by the Commissioner indicating that one of these two provisions or any of the grounds in Ark. Code Ann. § 23-68-106 have been met.

This court reviews issues of statutory construction *de novo*, as it is for this court to decide what a statute means. *Stephens v. Arkansas School for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000); *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.* In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* The statute must be construed so that no word is left void or superfluous and in such a way that meaning and effect is given to every word therein, if possible. *Id.* If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation. *Id.* Where the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Id.* (citing *State v. McLeod*, 318 Ark. 781, 888 S.W.2d 639 (1994)). Statutes relating to the same subject are said to be in *pari materia* and should be read in a harmonious manner, if possible. *Minnesota Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999). The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999).

In reading the statutory scheme as a whole, and taking into consideration the fact that Fewell and Holdingsco waived their right to a show-cause order and hearing under Ark. Code Ann. § 23-68-104, we hold that the trial court did not err in failing to issue the show-cause order before holding the February 23, 2001, hearing. We hold, in addition, that it is not necessary to address Fewell's and Holdingsco's argument that the Commissioner is judicially estopped from proceeding with the order of liquidation because of misrepresentations made by its attorney. We also hold that the February 23, 2001, hearing did not violate due process

requirements because a hearing was held even where the statutory scheme does not provide for one. Fewell and Holdingsco were provided an opportunity to be heard and due process was not violated.

## II. Discovery

Fewell and Holdingsco next argue that the trial court erred in denying them the opportunity to conduct discovery and investigate the issues before the court. They argue that the court did not postpone the hearing at their request and that the Commissioner failed to comply with the outstanding discovery requests, thus hampering their ability to present a proper challenge at the hearing on February 23, 2001.

Again, we rely on our first opinion and hold that the Arkansas Rules of Civil Procedure, which contain guidelines and rules for the discovery process, do not apply in receivership proceedings. We specifically stated in *Fewell I* that "the Uniform Act establishes a special statutory proceeding for receivership matters and associated injunctions and, as a consequence, the proceedings involved in this matter which are fixed by statute are not controlled by the Arkansas Rules of Civil Procedure. *See* Ark.R.Civ.P. 81(a)." *Fewell I*, 344 Ark. at 379.

Pursuant to such a ruling in *Fewell I*, we need only review the trial court's refusal to allow full discovery for an abuse of discretion. This court has long held that the trial court has wide discretion in matters pertaining to discovery and that a trial court's decision will not be reversed absent an abuse of discretion. *Parker v. Southern Farm Bureau Ins. Co.*, 326 Ark. 1073, 935 S.W.2d 556 (1996); *Stein v. Lukas*, 308 Ark. 74, 823 S.W.2d 832 (1992) (citing *Marrow v. State Farm Ins. Co.*, 264 Ark. 227, 570 S.W.2d 607 (1978)); *Hanna v. Johnson*, 233 Ark. 409, 344 S.W.2d 846 (1961). Although this court recognizes the magnitude of the trial court's discretion in discovery matters, it has found an abuse of discretion where there has been an undue limitation of substantial rights of the appellant under the prevailing circumstances. *Rickett v. Hayes*, 251 Ark. 395, 473 S.W.2d 446 (1971). The goal of discovery is to permit a litigant to obtain whatever information he may need to prepare adequately for issues that may develop without imposing an onerous burden on his adversary. *Id.*

Again, discovery here is controlled by the Uniform Act, and liquidation proceedings are specifically controlled under Ark.

Code Ann. § 23-68-107. The Uniform Act as a whole and specifically Ark. Code Ann. § 23-68-107 do not require the trial court to hold a hearing in liquidation proceedings, much less require any form of discovery prior to the court's decision. The parties did not raise the constitutionality of the statutes, and that issue is not preserved on appeal. As such, because the Uniform Act does not require any particular form of discovery or hearings, and the trial court allowed discovery and a hearing, we cannot say that the trial court abused its discretion in limiting the scope and timing of discovery in this case.

### III. Subject-matter Jurisdiction

In their final point on appeal, Fewell and Holdingsco argue that the trial court did not have subject-matter jurisdiction to hear and decide the Commissioner's petition for order of liquidation because the case was on appeal to this court on the issue of the validity of the appointment of the receiver. The Commissioner argues that the trial court did have jurisdiction to hear the liquidation issue because it is a collateral matter not on appeal.

As an initial consideration, it should be noted that when this court denied the appellants's motion for writ of prohibition on February 22, 2001, it did so without prejudice to allow them to raise the issue of subject-matter jurisdiction on appeal. On the merits, it appears that the General Assembly anticipated that various orders would be appealed without affecting the jurisdiction of the trial court, as noted in Ark. Code Ann. § 23-68-103(d), which states:

> (d) An appeal shall lie to the Supreme Court from an order granting or refusing rehabilitation, liquidation, or conservation, and from every other order in delinquency proceedings having the character of a final order *as to the particular portion of the proceedings embraced therein.*

(Emphasis added.) In looking at this provision, we believe that the General Assembly anticipated that appeals would arise piecemeal from orders issued by the trial court. As such, we find that the matters here were collateral and that the trial court retained jurisdiction to hear the liquidation petition while the appeal in *Fewell I* was pending here.

Divestiture of jurisdiction in the trial court only occurs when the issue on appeal directly relates to the matter under review

by the appellate court. We noted in *Vanderpool v. Fidelity & Cas. & Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997), that:

> The rule that an appeal divests the trial court of jurisdiction applies only to matters necessarily or directly involved in the matter under review. It does not stay further proceedings with respect to rights not passed on or affected by the judgment or decree from which the appeal is taken. Matters which are independent of, or collateral or supplemental, are left within the jurisdiction and control of the trial court.

*Id.*, 327 Ark. at 412 (quoting *Sherman v. State*, 326 Ark. 153, 158, 931 S.W.2d 417, 421 (quoting *Bleidt v. 555, Inc.*, 253 Ark. 348, 350-51, 485 S.W.2d 721, 723 (1972) (*per curiam*)); *see also Marsh & McLennan of Arkansas v. Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995).

First, it should be noted that while Fewell and Holdingsco argue here that the issues in the liquidation proceeding dealing with the change of the focus of that proceeding (from rehabilitation to liquidation) are the same issues that were on appeal, a review of our previous appeal indicates that the intervenors were not litigating the rehabilitation issue, but rather the issue of the appointment of the receiver and the entry of the injunction. This court summarized their arguments in the prior appeal as:

> The appellants in this case, Bob E. Fewell and Holdingsco, Inc., appeal from an order by the Pulaski County Circuit Court appointing a receiver for American Investors Life Insurance Company (American Investors) and enjoining the appellants from transacting business for the company. They further appeal from an order denying their motion to vacate the appointment of the receiver and the injunction and from an order denying their motion to strike an affidavit of service.

*Fewell I*, 377 Ark. at 371.

In addition, we agree with the Commissioner's argument that these proceedings are similar and analogous to bankruptcy proceedings. In bankruptcy proceedings, for example, the federal bankruptcy court retains jurisdiction over collateral matters of the bankruptcy pending appeals on piecemeal issues and orders dealing with the details of the bankruptcy. *See In Re Strawberry Square Associates*, 152 B.R. 699 (Bankr. E.D.N.Y. 1993). This situation, like a bankruptcy situation, involves not only the business or person directly affected by the divestment of control over personal or business

matters, but it also affects creditors and claimants who depend on the viability of the company or person in order to be paid. In fact, in this particular type of liquidation proceeding involving an insurance company, perhaps the necessity of allowing the trial court to proceed with collateral issues is particularly important where claimants are waiting for bills to be paid. If an appellant is permitted to stall the proceedings by receiving a stay on appeal for each separate order, years could pass before claimants are paid and, during that time, the assets of the company could be depleted either by payment of costs of the operation of the business or other matters adversely affecting the financial aspects of the business.

 Certainly, any "interlocutory" appeal is going to relate to the entire pending receivership and liquidation — however, the question should be whether allowing the trial court to go forward with the liquidation proceeding, for example, affects the pending appeal of the challenge to the appointment of the receiver. We determine that it does not after reviewing the evidence in this case.

Affirmed.

GLAZE and IMBER, JJ., concur.

ANNABELLE CLINTON IMBER, Justice, concurring. I concur in the result reached by the majority, but I write separately to point out that the first argument on appeal can be decided without resorting to statutory interpretation. The majority's interpretation of Ark. Code Ann. § 23-68-104 (Repl. 1994) is simply unnecessary because Fewell and Holdingsco waived their rights under the statute when they entered into the 1999 Agreements with the Commissioner.

The majority takes notice of these Agreements and properly concludes that the waiver found in those agreements "extends to this case." However, the majority fails to recognize the full extent of that waiver. The Agreements provided in pertinent part as follows:

> However, upon breach of any one of the aforesaid covenants, the Company, the Parent and Fewell hereby agree and consent to the immediate commencement *and entry of an order granting receivership* against the Company by the Department *under Ark. Code Ann. 23-68-101 through 23-68-132* and waive prior notice of entry of an order of *permanent receivership.*

(Emphasis added.) The consent to a permanent receivership by Fewell and Holdingsco was tantamount to an agreement that the Commissioner had the authority to be appointed receiver without notice or hearing, *see Fewell v. Pickens*, 344 Ark. 368, 39 S.W.3d 447 (2001)("*Fewell I*"), and more significantly, they agreed that the receiver had all of the tools of the Uniform Insurers Liquidation Act at his disposal.

By executing the 1999 Agreements, Fewell and Holdingsco agreed to "an order granting receivership . . . under Ark. Code Ann. § 23-68-101 through § 23-68-132." Section 23-68-102, entitled "Definitions," provides that " 'Receiver' means receiver, liquidator, rehabilitator, or conservator as the context may require." Ark. Code Ann. § 23-68-102 (Repl. 1994, Supp. 1999). Thus, as we stated in *Fewell I*, Fewell and Holdingsco waived their rights under § 23-68-104 and consented to the immediate entry if a receivership order for liquidation as well as rehabilitation. It is therefore clear that our decision on the first point on appeal should begin and end with the waiver contained in the 1999 Agreements.

GLAZE, J., joins in this concurrence.