Frank MYERS *v.* David YINGLING
and Venice Yingling

06-132                                           251 S.W.3d 287

Supreme Court of Arkansas
Opinion delivered March 1, 2007

*Robert Hudgins*, for appellant.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Blair Arnold* and *Casey Castleberry*, for appellees.

JIM HANNAH, Chief Justice. Appellant Frank Myers appeals the order of the White County Circuit Court finding that appellees David and Venice Yingling are the rightful owners of a tract of land situated in White County. The court of appeals certified this case to this court to resolve a significant issue concerning jurisdiction; thus, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b) and (d). Specifically, the court of appeals certified the following question: Does filing a notice of appeal from an unappealable order and subsequently lodging the record in the appellate court bar the circuit court from acting further until the appellate court formally dismisses the appeal? We answer this question in the affirmative.

In order to address the certified question, we must look at the procedural history of this case. The relevant facts — as related to the question of jurisdiction — involve two orders and two

distinct appeals. On October 10, 2005, the circuit court entered its first order, entitled "Findings of Fact and Law," wherein the circuit court concluded that the Yinglings had acquired certain property from Myers by virtue of acquiescence. In this order, the circuit court included the following paragraph: "Plaintiffs did not introduce a description of the area being claimed. Plaintiffs have 45 days in which to submit a description." Myers appealed from this order on November 7, 2005, and the record was lodged with the court of appeals on February 2, 2006. Subsequently, on February 16, 2006, the circuit court entered a second order, entitled "Order and Decree" that added a particular and specific legal description of the land at issue. Myers then filed a second notice of appeal on March 6, 2006. In addition, Myers objected to the entry of the second order, on grounds that the circuit court was without jurisdiction, and filed a motion to strike with the circuit court. Myers then supplemented the appellate record with the second order and pleadings regarding the motion to strike.

We begin by looking at the first order, which, as previously stated, does not contain a legal description of the property at issue. In *Petrus v. Nature Conservancy*, 330 Ark. 722, 957 S.W.2d 688 (1997), we stated:

> Under Rule 2(a) (1) and (2) of the Appellate Procedure – Civil, an appeal may be taken from a final decree entered by the chancery court and an order which in effect determines the action and prevents a judgment from which an appeal might be taken from, or discontinues the action. We have interpreted this portion of Rule 2 to mean that, for an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Doe v. Union Pac. R.R. Co.*, 323 Ark. 237, 914 S.W.2d 312 (1996). The order must be of such a nature as to not only decide the rights of the parties, but also put the court's directive into execution, ending the litigation or a separable part of it. *Id.*

> In a long line of cases, this court has held that a chancery court's decree must describe the boundary line between disputing land owners with sufficient specificity that it may be identified solely by reference to the decree. *Riddick v. Streett*, 313 Ark. 706, 858 S.W.2d 62 (1993); *see also Harris v. Robertson*, 306 Ark. 258, 813 S.W.2d 252 (1991); *Rice v. Whiting*, 248 Ark. 592, 452 S.W.2d 842 (1970); *McEntire v. Robinson*, 243 Ark. 701, 421 S.W.2d 877 (1967).

*Petrus*, 330 Ark. at 725, 957 S.W.2d at 689.

Further, we observed:

> While the chancellor and the parties apparently intended to resolve the boundary lines via a future survey, the permanent record in a boundary-line decision should describe the line with sufficient specificity that it may be identified solely by reference to the order. *See Harris*, 306 Ark. at 261; *Riddick*, 313 Ark. at 712. Otherwise, leaving those lines to be established by a future survey may likely result in additional disputes, litigation, and appeals. Again, the case law that requires a chancery decree to fix and describe the boundary lines in a dispute between landowners discourages piece-meal litigation. *McEntire*, 243 Ark. at 704.

*Id.* at 726, 957 S.W.2d at 689-90.

Here, the October 10, 2005 order does not include a legal description of the property because the plaintiffs had failed to submit such a description. As such, the order is not a final, appealable order. Despite this fact, however, Myers appealed the order and subsequently lodged the record with this court on February 2, 2006.

We now turn to the second order. After the record was already lodged with this court, the circuit court entered the order dated February 16, 2006. We hold that the circuit court had no jurisdiction to enter the second order. Once the record is lodged in the appellate court, the circuit court no longer exercises jurisdiction over the parties and the subject matter in controversy. *See Gore v. Heartland Cmty. Bank*, 356 Ark. 665, 158 S.W.3d 123 (2004). Certainly, circuit courts have continuing jurisdiction to correct records in order to make them speak the truth; however, the circuit court loses jurisdiction to *act further* in the matter once the record is lodged in the appellate court. *See id.* (citing *Davie v. Smoot*, 202 Ark. 294, 150 S.W.2d 50 (1941)). In the October 10, 2005 order, the circuit court contemplated further action, as evinced by the circuit court's directing the plaintiffs to submit a legal description of the property within 45 days.[1] However, once Myers lodged the record on February 2, 2006, the circuit court no longer had jurisdiction to act further in the matter. Actions taken

---

[1] The circuit court's entry of a controverted legal description could hardly be described as merely ministerial, supplemental, or collateral, such that it might be allowed pursuant to Ark. R. App. P.–Civ. 6(e), which provides in relevant part:

by a court without jurisdiction are null and void. *Villines v. Harris*, 362 Ark. 393, 208 S.W.2d 763 (2005). Thus, the circuit court's second order, entered on February 16, 2006, is void, and an appeal from that order must be dismissed.

Appeal dismissed without prejudice.

If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the circuit court before the record is transmitted to the appellate court, or the appellate court on motion, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted.