Cite as 2019 Ark. App. 334

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-18-698

| | |
|---|---|
| DAVID BOX | **Opinion Delivered:** June 5, 2019 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT, [NO. 04CV-16-1752] |
| V. | |
| | HONORABLE BRAD KARREN, JUDGE |
| J.B. HUNT TRANSPORT, INC. | |
| APPELLEE | |
| | REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

This is the second appeal in this litigation between appellant David Box and his former employer, appellee J.B. Hunt Transport, Inc. (hereinafter "J.B. Hunt"). The first appeal was an interlocutory appeal wherein Box challenged the trial court's order granting J.B. Hunt's motion for an injunction and temporary restraining order. The temporary order was based on three agreements containing confidentiality, noncompete, and restricted stock provisions executed between the parties during Box's employment, and the order enjoined Box from disclosing confidential information and trade secrets to Hub Group, Inc. (hereinafter "Hub Group"), and from employment with Hub Group for a period of one year from Box's separation from J.B. Hunt. In *Box v. J.B. Hunt Transport, Inc.*, 2017 Ark. App. 605, 533 S.W.3d 603 (*Box I*), we held that the trial court abused its discretion in granting J.B. Hunt's motion for an injunction and a temporary restraining order because,

inter alia, J.B. Hunt failed to demonstrate a likelihood of success on the merits, and we reversed and remanded.

After we reversed and remanded, Box filed a motion for damages and attorney's fees against J.B. Hunt. Box sought damages incurred as a result of the injunction and attorney's fees for prevailing on the injunction issue. J.B. Hunt filed a motion to strike Box's motion, arguing that the trial court lacked jurisdiction to act on Box's motion because, while the appeal in *Box I* was pending, J.B. Hunt voluntarily dismissed its underlying complaint against Box. J.B. Hunt asserted that the case was closed and that because more than ninety days had elapsed since the trial court's order of dismissal, the case had been fully and finally dismissed. The trial court agreed with J.B. Hunt and entered an order finding that it lacked subject-matter jurisdiction to rule on Box's motion for damages and attorney's fees pursuant to Rule 60(c) of the Arkansas Rules of Civil Procedure.

Box now brings this second appeal in the matter, challenging the trial court's order wherein the trial court found that it lacked jurisdiction to rule on Box's motion for damages and attorney's fees. On appeal, Box argues that the trial court erred as a matter of law in dismissing for lack of subject-matter jurisdiction and that the trial court disregarded our mandate in *Box I*, thus depriving Box of his statutory right to seek damages and attorney's fees associated with the wrongful injunction. We agree that the trial court erred in finding that it lacked subject-matter jurisdiction to rule on Box's motion. Therefore, we reverse and remand.

The relevant facts and procedural history are as follows. Box was employed by J.B. Hunt from 2000 until he resigned on October 27, 2016. For the last five years of his

employment there, Box worked as a director of transportation in J.B. Hunt's integrated capacity solutions division in Memphis, Tennessee. After leaving his employment with J.B. Hunt, Box accepted a position with another transportation company, Hub Group, as a regional vice president of operations in the Memphis region.

The litigation began on November 22, 2016, when J.B. Hunt filed a complaint for breach of contract against Box. J.B. Hunt alleged that by accepting employment with Hub Group, Box had violated various noncompete and confidentiality agreements executed during his employment with J.B. Hunt. Generally, J.B. Hunt claimed that Box's employment with Hub Group was the same or substantially similar to his employment with J.B. Hunt and that performing his responsibilities at Hub Group may result in Box disclosing trade secrets or confidential information of J.B. Hunt that would afford Hub Group an unfair competitive advantage. J.B. Hunt requested an order permanently enjoining Box from disclosing any of J.B. Hunt's confidential information and trade secrets, and temporarily enjoining him from employment with Hub Group.

On November 23, 2016, which was one day after it filed its complaint, J.B. Hunt filed a motion for an injunction and temporary restraining order. On February 14, 2017, the trial court entered an order granting J.B. Hunt's motion for an injunction and temporary restraining order, finding that irreparable harm would result in the absence of an injunction or restraining order, and that J.B. Hunt had demonstrated a likelihood of success on the merits of its breach-of-contract complaint. Based on these findings, the trial court enjoined Box from disclosing confidential information and trade secrets and from employment with Hub Group through October 27, 2017. The trial court also awarded J.B. Hunt attorney's

3

fees and costs. The court had not yet determined the amount of attorney's fees or costs when Box appealed from the interlocutory order entered on February 14, 2017, as he was permitted to do under Arkansas Rule of Appellate Procedure−Civil 2(a)(6), resulting in the first appeal to this court.[1]

After the record for the interlocutory appeal was lodged by Box in this court and after briefs were filed, on September 26, 2017, J.B. Hunt filed a motion to voluntarily dismiss its complaint in the circuit court pursuant to Arkansas Rule of Civil Procedure 41(a). The trial court entered an order dismissing J.B. Hunt's complaint without prejudice on the same day. Subsequently, J.B. Hunt filed a motion to dismiss the appeal before this court. J.B. Hunt argued that the appeal in *Box I* should be dismissed for two reasons. First, it asserted that it had recently exercised its right in the court below to a voluntary dismissal of its underlying complaint against Box under Arkansas Rule of Civil Procedure 41(a). J.B. Hunt contended that because its original claims were dismissed without prejudice, the provisional remedy based on those claims, i.e., the temporary restraining order and preliminary injunction, had been dissolved. J.B. Hunt also noted in its motion that Box had not filed a counterclaim. Second, J.B. Hunt argued that the appeal should be dismissed as moot because the temporary restraining order by its terms expired on October 27, 2017, which was just two days after the case was scheduled to be orally argued before our court, making a decision prior to expiration of the temporary order practically impossible.

In *Box I*, before addressing the merits of the interlocutory appeal, we first addressed the motion to dismiss appeal filed by J.B. Hunt. We denied J.B. Hunt's motion to dismiss

---

[1]The record in the first appeal was lodged on March 16, 2017.

4

the appeal. We stated that when the record was filed with our court, there had been no such order of dismissal entered, and that it was therefore not part of our record.[2] Because we will not consider a document not in the record, we stated that J.B. Hunt's argument that the appeal should be dismissed because it voluntarily dismissed its action below was not before us. We also concluded that the expiration of the temporary order did not moot our review of the order. We noted that in the order being appealed, the trial court awarded attorney's fees and costs to J.B. Hunt, which was one of the issues Box raised on appeal. In addition, citing Arkansas Rule of Civil Procedure 65(c) and Ark. Code Ann. § 16-113-405(a)(1) (Repl. 2016), we noted that in the temporary restraining order, the trial court ordered J.B. Hunt to post security in an amount sufficient to pay the damages sustained by Box should he be found to have been wrongfully enjoined or restrained. For those reasons, we concluded that our decision in *Box I* would likely have practical legal effects. Finally, we stated that even were we to agree that a decision rendered on appeal would not affect the rights of the parties, the appeal fell under an exception to the mootness doctrine because it involved issues that were capable of repetition but evaded review. For those reasons, we reached the merits of the appeal in *Box I.*

Upon deciding the merits in *Box I*, we examined each of the relevant agreements executed by the parties during Box's employment with J.B. Hunt as applied to the facts presented below. We held that the trial court abused its discretion in granting J.B. Hunt's motion for an injunction and restraining order because J.B. Hunt failed to demonstrate a

---

[2]We note that the trial court's September 26, 2017 order dismissing J.B. Hunt's complaint is now in the record before us in *Box II.*

5

likelihood of success on the merits, and that the trial court made insufficient findings and conclusions to support its order.[3]  Therefore, we reversed and remanded.

After we delivered *Box I* on November 8, 2017, J.B. Hunt filed a petition for rehearing with this court and a petition for review with the supreme court, both of which were denied.  Our mandate was issued on January 25, 2018.  On the same day the mandate was issued, Box filed a motion to recall the mandate for recovery of additional costs.  We granted Box's motion and issued an amended mandate on February 21, 2018.

On February 21, 2018, the same day our amended mandate issued in *Box I*, Box filed in the trial court a motion for damages and attorney's fees.  Box alleged that he incurred damages as a result of the dissolved preliminary injunction, including lost income, lost stock opportunities, lost 401(k) matching funds, higher medical–insurance costs, and emotional distress.  Box claimed entitlement to these damages pursuant to Ark. Code Ann. § 16–113–405(a)(1) (Repl. 2016), which provides:

> Upon the dissolution in whole or in part of any injunction or restraining order of any and every kind and nature whatsoever, the circuit court wherein the injunction or restraining order was pending may assess and render against principal and sureties on the injunction bond a valid judgment for any and all damages occasioned by the issuance of such injunction or restraining order.

Box also claimed entitlement to attorney's fees under Ark. Code Ann. § 16–22–308 (Repl. 1999) for prevailing on the merits of the preliminary-injunction issue.

On March 12, 2018, J.B. Hunt filed a motion to strike Box's motion and, alternatively, a response in opposition to Box's motion for damages and attorney's fees.  J.B.

---

[3]Because our analysis of the merits of the appeal in *Box I* is not germane to the issues raised in this second appeal, a complete recitation of our reasoning is not necessary here.

6

Hunt's primary argument was that the case was administratively closed on September 26, 2017, when the trial court granted J.B. Hunt's motion for voluntary nonsuit and entered an order dismissing J.B. Hunt's complaint without prejudice. J.B. Hunt contended that the trial court lacked jurisdiction to consider Box's motion for damages and attorney's fees because the motion was filed in a closed case more than ninety days after the order of dismissal. Beyond the jurisdictional claim, J.B. Hunt raised numerous other defenses to Box's motion.

On May 1, 2018, the trial court entered an "Order finding this court lacks subject-matter jurisdiction." In its order, the trial court made the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. That on March 16, 2017, the Defendant lodged this Court's record with the Arkansas Court of Appeals. This Court retained jurisdiction on collateral matters in this case.

2. That on September 26, 2017, this court granted Plaintiff's Motion to Dismiss this matter without prejudice pursuant to ARCP 41(a). There were no pending counterclaims filed by the Defendant in this matter.

3. That on October 27, 2017, the Temporary Restraining Order (TRO) issued by the Court in this matter expired.

4. That on November 8, 2017, the Arkansas Court of Appeals rendered its decision in this matter.

5. That on December 19, 2017, this court vacated the status hearing set in this matter at the request of both parties.

6. That on January 25, 2018, this court received its mandate from the Arkansas Court of Appeals.

7. That on February 21, 2018, the Defendant submitted his Motion for Damages and Attorney's Fees and Costs in this court.

7

8.     That on March 12, 2018, the Plaintiff submitted its Motion to Strike, Alternatively, a Response in opposition to Defendant's Motion for Damages and Attorney's Fees.

9.     That on March 22, 2018, Defendant submitted his Response to the Plaintiff's Motion to Strike.

CONCLUSIONS OF LAW

This court finds that it does not have subject matter jurisdiction to hear the Petitioner's Motion for Damages, Costs, and Attorney's Fees filed on February 21, 2018. Also, this court finds that it lacks subject matter jurisdiction to hear Plaintiff's Motion to Strike filed on March 12, 2018.

Arkansas Rule of Civil Procedure, Rule 60(c) states, in part: "To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk." Moreover, "The trial court loses jurisdiction to set aside or modify an order under Rule 60 if it does not do so within 90 days of the entry of the original order, even though petitioner's motion may have been filed prior to expiration of that period." *Jordan v. Circuit Court of Lee County*, 366 Ark. 326, 235 S.W.3d 487 (2006); *City of Little Rock v. Ragan*, 297 Ark. 525, 763 S.W.2d 87 (1989).

In addition, this court also finds that Petitioner has pleaded no basis for any of the exceptions to the ninety-day limitation pursuant to Rule 60. Exceptions under Rule 60(c) include: (1) newly discovered evidence, (2) constructive service, (3) misprisions of the clerk, (4) misrepresentation or fraud, (5) proceedings against an infant or person of unsound mind, (6) or where one of the parties dies prior to judgment.

In the above matter, the original entry date of the order dismissing this matter without prejudice, was September [2]6, 2017. Therefore, pursuant to ARCP 60(c), the Petitioner had ninety (90) days from this date to enter a Motion for Attorney's Fees and Damages. The ninety (90) day provision in this matter would have fallen on December 25, 2017; however, because December 25, 2017 was a holiday, the appropriate day to have filed a motion would have been on December 26, 2017. This court is one of many courts that has technology that allows for e-filing of motions and pleadings. This technology was in place on December 26, 2017. The Defendant could have filed his motion for Damages, Attorney's fees, and Costs to be heard on December 19, 2017. However, the hearing was vacated at the request of both parties.

8

The Defendant did not submit his Motion for Damages, Attorney's Fees, and Costs in this court until February 21, 2018 or until one hundred forty-eight (148) days after the September [2]6, 2017 order administratively closing this matter without prejudice. This court finds that Plaintiff's Motion for Attorney's Fees, Damages, and Costs filed on February 21, 2018, is not timely pursuant to ARCP 60(c); that no exceptions to the ninety (90) day limitation were pled by the Defendant; and this court lacks subject matter jurisdiction to rule on this matter. Likewise, this court lacks subject matter jurisdiction to hear the Plaintiff's Motion to Strike on March 12, 2018.

On May 15, 2018, Box timely filed a motion for amended findings pursuant to Arkansas Rule of Civil Procedure 52(a). In his motion, Box requested amended findings to reflect that neither party had requested the December 19, 2017 status hearing or requested that the status hearing be vacated. Box also asked the trial court to amend its findings to reflect that an amended mandate had been issued by the court of appeals on February 21, 2018. The trial court did not timely rule on the motion, and therefore Box's motion for amended findings was deemed denied on June 14, 2018. On June 25, 2018, Box filed a timely notice of appeal from the trial court's May 1, 2018 order finding that it lacked subject-matter jurisdiction, as well as the deemed denial of Box's posttrial motion.

In this appeal, Box argues that the trial court erred as a matter of law in dismissing his motion for damages and attorney's fees for lack of subject-matter jurisdiction. The primary premise of Box's argument is that because the trial court loses jurisdiction when the record is lodged on appeal, the trial court was without jurisdiction to enter the order dismissing J.B. Hunt's complaint on September 26, 2017. The record in *Box I* was lodged with our court on March 16, 2017, and our initial mandate was not issued in *Box I* until January 25, 2018. Because the first appeal was still pending before the court of appeals when the trial court entered the September 26, 2017 order of dismissal, Box asserts that the

9

dismissal order was void and that the case remained open. Thus, Box argues, the trial court had jurisdiction over the matter when Box filed his motion for damages and attorney's fees on February 21, 2018, which was the day we issued our amended mandate in *Box I*. We agree with Box's argument.

As an initial matter, we observe that the jurisdictional argument being raised by Box in this appeal was also raised by Box below when he responded to J.B. Hunt's motion to strike his motion for damages and attorney's fees. Box also made this argument, i.e., that the trial court lacked jurisdiction to enter the September 26, 2017 order of dismissal, in response to J.B. Hunt's motion to dismiss in *Box I*. Moreover, our supreme court has consistently held that subject-matter jurisdiction is always open, cannot be waived, and can be raised by the appellate court sua sponte. *See, e.g., Am. Abstract & Title Co. v. Rice*, 358 Ark. 1, 186 S.W.3d 705 (2004).

Arkansas Rule of Civil Procedure 41(a)(1) provides that while an action may be dismissed as a matter of right, it is effective only upon entry of a court order dismissing the action. In this case, the trial court entered an order dismissing J.B. Hunt's claim without prejudice pursuant to Rule 41(a)(1) on September 26, 2017. The pivotal issue is whether the trial court had jurisdiction to do so. We hold that it did not.

Once the record is lodged in the appellate court, the trial court no longer exercises jurisdiction over the parties and the subject matter in controversy. *Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007). In *Barclay v. Farm Credit Services*, 340 Ark. 65, 8 S.W.3d 517 (2000), the supreme court held that the appellate court takes jurisdiction of a matter once the record on appeal is filed, and it loses jurisdiction to the trial court once the mandate

10

is issued with the trial court. The appellate court's mandate is the official notice of the action taken by the appellate court. *Barclay*, *supra*. The mandate is directed to the trial court, and it instructs the trial court to recognize, obey, and execute the appellate court's decision. *Id*. Actions taken by a court without jurisdiction are null and void. *Myers*, *supra*.

It is clear from the record that the trial court entered its order of dismissal without prejudice during the period in which the interlocutory appeal in *Box I* was pending in this court. However, that does not end our inquiry. We recognize that there is an exception to the rule that the trial court loses jurisdiction when the record is lodged in an interlocutory appeal. A trial court does, in fact, retain some limited jurisdiction over the proceedings below. The trial court retains limited subject–matter jurisdiction over matters that are independent of, or collateral or supplemental to, the matters on appeal. *See Nameloc, Inc. v. Jack, Lyon & Jones, P.A.*, 362 Ark. 175, 208 S.W.3d 129 (2005). Hence, we must determine whether J.B. Hunt's motion to dismiss was collateral to, or independent of, the matters on appeal in *Box I*.

J.B. Hunt argues that the trial court correctly found that it retained jurisdiction over collateral matters in the case and that its Rule 41(a) motion was a collateral matter. J.B. Hunt generally contends that its motion to dismiss was a collateral matter because its motion to dismiss pertained to its remaining claims for a permanent injunction against Box even though its claims for a preliminary injunction, temporary restraining order, and attorney's fees were pending on appeal. J.B. Hunt relies on *Fewell v. Pickens*, 346 Ark. 246, 57 S.W.3d 144 (2001), a case where an interlocutory appeal was taken, and the trial court entered some orders while the interlocutory appeal was pending. J.B. Hunt further asserts that a nonsuit

11

has the effect of an absolute withdrawal of the claim and carries with it all the pleadings and all issues with respect to a plaintiff's claim, *Tribco Manufacturing Co. v. People's Bank of Imboden*, 67 Ark. App. 268, 998 S.W.2d 756 (1999), and thus there was no pending case in which Box could file his motion for damages and attorney's fees.

Box counters by citing *Tiner v. Tiner*, 2011 Ark. App. 478, 385 S.W.3d 326, which was an appeal of an interlocutory order granting an injunction. We held in *Tiner* that the appeal from the injunction divested the trial court of jurisdiction over certain other matters involved in the case and held the trial court's actions on those matters to be of no effect.

We do not find the holding in *Fewell*, *supra*, upon which J.B. Hunt relies, to be persuasive under these circumstances. *Fewell* was an ongoing receivership action under the Uniform Insurers Liquidation Act. There were two appeals taken. In the first appeal, the appellants appealed the trial court's order appointing a receiver for an insurance company and enjoining the appellants from transacting business for the company. *See Fewell v. Pickens*, 344 Ark. 368, 39 S.W.3d 447 (2001) (*Fewell I*). While *Fewell I* was pending on appeal before the supreme court, the trial court entered an order requiring the appointed receiver to liquidate the insurance company and prohibiting the appellants from doing anything to diminish the value of the insurance company or any of its holdings or assets. Appellants appealed from that order, and one of their arguments in *Fewell v. Pickens*, 346 Ark. 246, 57 S.W.3d 144 (2001) (*Fewell II*), was that the trial court lacked subject-matter jurisdiction to enter the order of liquidation because it did so while the appeal in *Fewell I* was still pending. The supreme court disagreed, and wrote:

> In their final point on appeal, Fewell and Holdingsco argue that the trial court did not have subject-matter jurisdiction to hear and decide the Commissioner's

12

petition for order of liquidation because the case was on appeal to this court on the issue of the validity of the appointment of the receiver. The Commissioner argues that the trial court did have jurisdiction to hear the liquidation issues because it is a *collateral matter not on appeal.* [Emphasis ours.]

. . . .

On the merits, it appears that the General Assembly anticipated that various orders would be appealed without affecting the jurisdiction of the trial court, as noted in Ark. Code Ann. § 23-68-103(d), which states:

> (d) An appeal shall lie to the Supreme Court from an order granting or refusing rehabilitation, liquidation, or conservation, and from every other order in delinquency proceedings having the character of a final order *as to the particular portion of the proceedings embraced therein.* [Emphasis in original.]

In looking at this provision, we believe that the General Assembly anticipated that appeals would arise piecemeal from orders issued by the trial court. As such, we find that the matters here were collateral and that the trial court retained jurisdiction to hear the liquidation petition while the appeal in *Fewell I* was pending here.

> Divestiture of jurisdiction in the trial court only occurs when the issue on appeal directly relates to the matter under review by the appellate court. We noted in *Vanderpool v. Fidelity & Cas. & Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997), that:

> > The rule that an appeal divests the trial court of jurisdiction applies only to matters necessarily or directly involved in the matter under review. It does not stay further proceedings with respect to rights not passed on or affected by the judgment or decree from which the appeal is taken. *Matters which are independent of, or collateral or supplemental, are left within the jurisdiction and control of the trial court.* [Emphasis ours.]

> *Id.*, 327 Ark. at 412.

*Fewell II*, 346 Ark. at 256−57, 57 S.W.3d at 150−51 (some citations omitted).

We conclude that the supreme court's holding in *Fewell II* does not control the circumstances involved in the instant case. *Fewell II* involved receivership and liquidation proceedings and the application of a statute under the Uniform Insurers Liquidation Act. This Act creates fractured proceedings that the supreme court compared to a bankruptcy

13

case and contemplates interlocutory appeals while other aspects of the receivership and liquidation proceed. Contrary to J.B. Hunt's claim, the supreme court's analysis in *Fewell II* offers minimal guidance, at best, in deciding the jurisdictional issue in the case at bar.

Focusing on the facts and circumstances presented here, as we must, we cannot conclude that the collateral-matter exception to the general rule urged by J.B. Hunt is applicable herein. We conclude that J.B. Hunt's motion to dismiss was not collateral to the matter on appeal in *Box I* and therefore that the exception does not apply. The preliminary injunction and temporary restraining order at issue in the first appeal was premised on J.B. Hunt's complaint and Box's alleged violations of the three employment agreements that contained the restrictive language, terms, and conditions; thus, the complaint was fundamentally and inextricably intertwined with the injunction and temporary restraining order and was not merely collateral to the matter on appeal. Because J.B. Hunt's motion to dismiss was not a collateral matter, the trial court did not have jurisdiction to rule on the motion, and the order dismissing the case without prejudice entered September 26, 2017 is null and void.

In this case, after we issued our amended mandate in *Box I*, jurisdiction was reinvested in the trial court. Box then filed his motion for damages and attorney's fees, which the trial court dismissed based on a lack of jurisdiction. Because the trial court was relying on a previous dismissal order that was itself void, we hold that the trial court erred in this regard. Because the case remained open, the trial court retained subject-matter jurisdiction over the case after our amended mandate was issued. Therefore, we reverse the trial court's order finding that it lacked subject-matter jurisdiction, and we remand for

14

further proceedings, including the resolution of J.B. Hunt's motion for voluntary nonsuit and Box's motion for damages and attorney's fees.[4]

Reversed and remanded.

GLADWIN and SWITZER, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Elizabeth R. Murray, H. Wayne Young, Jr.*, and *Joshua C. Ashley*, for appellant.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellee.

---

[4]We acknowledge that in its brief, J.B. Hunt offers four alternative arguments to affirm beyond the jurisdictional issue, including that Box is barred from seeking damages because he failed to post a bond; that Box could not be awarded attorney's fees because he was not a prevailing party; that Box failed to mitigate his damages; and that emotional-distress damages are not available. All of these alternative arguments were raised below in J.B. Hunt's motion to strike, but that motion and the arguments therein were expressly not considered by the trial court. The only issue decided by the trial court was the jurisdictional issue, which we reverse. There are no additional findings to review, and thus we express no opinion on the alternate arguments raised by J.B. Hunt below.