Cite as 2020 Ark. App. 514

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–20–54

| | |
|---|---|
| KEN LANCASTER AND TABITHA LANCASTER<br><div align="right">APPELLANTS</div><br>V.<br><br>ROGERS CONSTRUCTION, INC., AND JOHN AND JANE DOES 1–99<br><div align="right">APPELLEES</div> | **Opinion Delivered:** November 4, 2020<br><br>APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CV-11-19]<br><br>HONORABLE GREGORY L. VARDAMAN, JUDGE<br><br>APPEAL DISMISSED WITHOUT PREJUDICE |

**MIKE MURPHY, Judge**

This case returns to us after we dismissed it without prejudice for lack of jurisdiction. *See Lancaster v. Rogers Constr., Inc.*, 2019 Ark. App. 582 (*Lancaster I*). The Clark County Circuit Court entered an order attempting to cure the deficiencies, and Ken and Tabitha Lancaster now appeal. We must again dismiss for lack of jurisdiction.

In April 2006, the Lancasters entered into a contract with Rogers Construction, Inc., to design and build their home. Once construction was completed, the Lancasters noticed various defects in the home. Accordingly, Mr. Lancaster filed a complaint against Rogers Construction, Inc.; Roger E. Rogers, individually; Rustan K. Rogers, individually; and John and Jane Does 1–99. He alleged claims for breach of express contract, breach of implied contract, breach of implied warranties, negligence, strict liability in tort, and fraud by

misrepresentation or concealment. Rogers Construction filed an answer denying the allegations, and Roger Rogers and Rustan Rogers filed a motion to dismiss the complaint.

On May 26, 2011, the circuit court entered an order dismissing without prejudice the complaint against Roger and Rustan regarding breach of express contract and product liability. It then ordered that "the Motion to Dismiss filed by the Defendants, Roger E. Rogers and Rustan K. Rogers concerning the remaining portions of Plaintiff's Complaint are denied" and gave them ten days to file an answer to the complaint. Roger and Rustan filed an answer on May 31, 2011.

On April 26, 2017, Mr. Lancaster filed an amended complaint adopting each allegation contained in the original complaint and requesting that the court add his wife to the action as a plaintiff. Rogers Construction filed an answer, and Roger and Rustan again filed a motion to dismiss the complaint. The court never ruled on the motion to dismiss, but it granted the motion to join Mrs. Lancaster as a plaintiff in an order entered on July 20, 2018.

On August 13, 2018, the Lancasters filed a second amended complaint. Rogers Construction filed an answer to the second amended complaint; the individual defendants did not. On September 10, 2018, Rogers Construction filed a motion for summary judgment, which the circuit court granted on November 28, 2018, dismissing the Lancasters' complaint with prejudice. The Lancasters appealed from that order, and we dismissed the appeal giving the following explanation.

> The complaint in this case alleged claims against Rogers Construction, Inc., Roger Rogers, and Rustan Rogers for breach of express contract, breach of implied contract, breach of implied warranties, negligence, strict liability in tort, and fraud by misrepresentation or concealment. In an order entered in

2

2011, the court dismissed the claims of breach of "express contract" and "product liability"[1] against Roger and Rustan. In 2018, the court granted Rogers Construction's motion for summary judgment on the breach-of-contract claim. It is not clear, however, what disposition was made of the remaining claims against Rogers Construction, Roger Rogers, and Rustan Rogers.[2] In the absence of a clear and final determination of the rights of the parties or a properly executed Rule 54(b) certificate, we have no jurisdiction over this appeal.

*Lancaster I*, 2019 Ark. App. 582, at 4.

After we delivered *Lancaster I*, on December 11, 2019, the Lancasters filed a motion to dismiss the remaining claims against Roger, Rustan, and John and Jane Does 1–99 on December 18. On December 19, the circuit court entered an order granting the Lancasters' motion dismissing all the claims against the individual defendants with prejudice. The Lancasters filed their notice of appeal on December 30 and abandoned any pending but unresolved claims. On January 10, 2020, the *Lancaster I* mandate was issued.

Subject-matter jurisdiction is always open, cannot be waived, and can be raised by the appellate court sua sponte, which we do in this instance. *Box v. J.B. Hunt Transp., Inc.*, 2019 Ark. App. 334, at 11, 578 S.W.3d 719, 725. Once the record is lodged in the appellate court, the circuit court no longer exercises jurisdiction over the parties and the subject matter in controversy. *Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007). In *Barclay v. Farm Credit Services*, 340 Ark. 65, 8 S.W.3d 517 (2000), our supreme court held that the appellate court takes jurisdiction of a matter once the record on appeal is filed, and it loses

---

[1]We recognize that the complaint designates this claim as "strict liability in tort."

[2]We note that appellants did not state in their notice of appeal that they abandoned any pending but unresolved claims. *See* Ark. R. App. P.–Civ. 3(e)(vi) (2019).

3

jurisdiction to the circuit court once the mandate is issued with the circuit court. The appellate court's mandate is the official notice of the action taken by the appellate court. *Id*. The mandate is directed to the circuit court, and it instructs the circuit court to recognize, obey, and execute the appellate court's decision. *Id*. Before the issuance of the mandate, no party to the lawsuit can obtain relief from the circuit court for any matter that is "so intertwined with the primary litigation as to be part and parcel of it." *James v. Williams*, 372 Ark. 82, 87, 270 S.W.3d 855, 859 (2008).

Here, the circuit court attempted to cure the deficiencies of *Lancaster I* and dismissed the remaining claims against the individual defendants before our mandate had been issued. We determine that the circuit court's relief was not a collateral issue. Therefore, the circuit court's December 19 order was entered without jurisdiction and is considered null and void. *See Box*, 2019 Ark. App. 334, 578 S.W.3d 719 (holding that actions taken by a court without jurisdiction are null and void). Accordingly, the remaining claims against the individual defendants have not been disposed of, and we still lack a final appealable order from which the Lancasters may appeal.

Appeal dismissed without prejudice.

GLADWIN and HIXSON, JJ., agree.

*Walthall Law Firm, P.A.*, by: *Cecilia Ashcraft* and *G. Christopher Walthall*, for appellants.

*McMillan, McCorkle & Curry, LLP*, by: *F. Thomas Curry*, for appellee Rogers Construction, Inc.