Cite as 2022 Ark. App. 94

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-20-683

| | | |
|---|---|---|
| MARK JACKSON | APPELLANT | Opinion Delivered February 23, 2022 |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-16-5251] |
| IBERIABANK | APPELLEE | HONORABLE MACKIE M. PIERCE, JUDGE |
| | | APPEAL DISMISSED WITHOUT PREJUDICE |

**KENNETH S. HIXSON, Judge**

This case returns to our court after we dismissed it without prejudice for lack of jurisdiction. *See Jackson v. IberiaBank*, 2020 Ark. App. 372 (*Jackson I*). The Pulaski County Circuit Court entered an order attempting to cure the deficiency, and appellant Mark Jackson now appeals. We must again dismiss for lack of jurisdiction.

Appellant Mark Jackson is president and CEO of Kingridge Enterprises (Kingridge). In August 2013, appellee IberiaBank's predecessor in interest, Trust One Bank, extended an open-ended line of credit to Kingridge. Simultaneously, Kingridge executed and delivered to Trust One Bank a promissory note and security agreement in the principal amount of $650,000. To secure repayment of the promissory note, Kingridge granted Trust One Bank

a security interest in all its equipment and accounts. To further secure repayment of the promissory note, Jackson executed a guaranty whereby he guaranteed full and prompt payment of the debts when due. In January 2014, IberiaBank acquired Trust One Bank's interests and obligations pertaining to the promissory note and collateral.

The promissory note matured in August 2014, at which time Kingridge was in default. The parties subsequently entered into a series of forbearance agreements whereby they agreed to modify the payment terms and maturity date. Under the last of the forbearance agreements, the maturity date was extended to April 2016. According to IberiaBank, Kingridge remained in default in April 2016.

In September 2016, IberiaBank filed a complaint against Kingridge and Jackson alleging failure to perform their obligations under the promissory note and guaranty. IberiaBank sought a judgment in personam against Kingridge and Jackson, jointly and severally, and a judgment in rem against certain personal property belonging to Kingridge. In June 2017, Kingridge filed for bankruptcy, and an automatic stay was issued that prevented IberiaBank from pursuing Kingridge in the lawsuit during the stay. However, Jackson did not file for bankruptcy, and the automatic stay did not apply to him.

In March 2018, IberiaBank filed a motion for summary judgment against only Jackson, alleging that Jackson had breached the terms of the guaranty. In support of its motion, IberiaBank provided copies of the promissory note and guaranty. IberiaBank also attached to its motion the affidavit of its vice president for the special-assets department, Mark Reiber. In Reiber's affidavit, he averred that Kingridge had defaulted on the

promissory note and forbearance agreements and that, despite demand, Jackson had refused to pay the obligations under the promissory note and guaranty. Reiber stated in his affidavit that there remained $629,677.39 in unpaid principal under the promissory note, along with interest and other charges. Jackson filed a response opposing IberiaBank's motion for summary judgment, and a hearing was held on the motion.

In May 2019, the circuit court entered summary judgment against separate defendant Mark Jackson. In its order, the circuit court found that there were no genuine issues as to any material fact and that IberiaBank was entitled to judgment against Jackson as a matter of law. The circuit court awarded IberiaBank a judgment against Jackson for $629,677.39 plus interest and other charges. Jackson appealed from the order of summary judgment, and in *Jackson I* we dismissed the appeal without prejudice.

In *Jackson I*, citing Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil, we stated that an appeal may be taken only from a final judgment or decree entered by the circuit court. We stated further that the summary-judgment order entered by the circuit court failed to dispose of the claims against Kingridge, and there was no accompanying Rule 54(b) certificate directing a final order as to fewer than all the claims or parties. Accordingly, in *Jackson I*, we held that the order was not a final, appealable order and that we were barred from considering the appeal.[1] We concluded by stating:

---

[1] We noted that Kingridge's bankruptcy did not affect the lack of finality based on our prior holdings that an order is not final when it fails to dispose of all the parties, even if those parties are under a bankruptcy stay. *See, e.g.*, *Ballard v. Ally Fin., Inc.*, 2016 Ark. App. 539, 505 S.W.3d 247.

Our supreme court has repeatedly held that it is not enough to dismiss some of the parties or to dispose of some of the claims; to be final and appealable, an order must cover *all of the parties and all of the claims*. *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177. Because a final order has not been entered disposing of all the parties and claims, we lack jurisdiction of this appeal, and it must be dismissed.

*Jackson I*, 2020 Ark. App. 372, at 2.

We delivered *Jackson I* on September 2, 2020. On September 10, 2020, IberiaBank filed in the Pulaski County Circuit Court a motion to dismiss its complaint against Kingridge without prejudice. On September 14, 2020, the circuit court entered an order granting the motion and dismissing the complaint against Kingridge with prejudice. On October 2, 2020, the *Jackson I* mandate was issued. Jackson filed a notice of appeal on October 2, 2020.

Subject-matter jurisdiction is always open, cannot be waived, and can be raised by the appellate court sua sponte, which we do in this instance. *Lancaster v. Rogers Constr., Inc.*, 2020 Ark. App. 514, 612 S.W.3d 772; *Box v. J.B. Hunt Transp., Inc.*, 2019 Ark. App. 334, 578 S.W.3d 719. Once the record is lodged in the appellate court, the circuit court no longer exercises jurisdiction over the parties and the subject matter in controversy. *Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007). In *Barclay v. Farm Credit Services*, 340 Ark. 65, 8 S.W.3d 517 (2000), our supreme court held that the appellate court takes jurisdiction of a matter once the record on appeal is filed, and it loses jurisdiction to the circuit court once the mandate is issued with the circuit court. The appellate court's mandate is the official notice of the action taken by the appellate court. *Id.* The mandate is directed to the circuit court, and it instructs the circuit court to recognize, obey, and execute the appellate court's

4

decision. *Id.* Before the issuance of the mandate, no party to the lawsuit can obtain relief from the circuit court for any matter that is "so intertwined with the primary litigation as to be part and parcel of it." *James v. Williams*, 372 Ark. 82, 87, 270 S.W.3d 855, 859 (2008).

Here, the circuit court attempted to cure the deficiency of *Jackson I* and dismissed the outstanding complaint against Kingridge before our mandate had been issued. The circuit court's relief was not a collateral issue. Therefore, the circuit court's September 14, 2020 order was entered without jurisdiction and is considered null and void. *See Box*, *supra* (holding that actions taken by a court without jurisdiction are null and void). Accordingly, the complaint against Kingridge has not been disposed of, and we still lack a final, appealable order from which Jackson may appeal.

Appeal dismissed without prejudice.

WHITEAKER and MURPHY, JJ., agree.

*David M. Littlejohn*, for appellant.

*Quattlebaum, Grooms & Tull PLLC*, by: *Geoffrey B. Treece* and *Mary-Tipton Thalheimer*, for appellee.