

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–12–1071

| | |
|---|---|
| DITCH 56 FARMS, LLC, RONNIE McCORD, CLINT McCORD, and McCORD FARMS, LLC<br><br>APPELLANTS<br><br>V.<br><br><br>STANLEY FOSTER, JUDY FOSTER, LINDA ALDEN, and DANNY BRANDON<br><br>APPELLEES | **Opinion Delivered** September 18, 2013<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. CV 2012-1]<br><br>HONORABLE LEE FERGUS, JUDGE<br><br>APPEAL DISMISSED |

## RITA W. GRUBER, Judge

This case involves two separate appeals concerning the Craighead County Circuit Court's granting of summary judgment in favor of appellees Stanley and Judy Foster that ordered the specific performance of a contract pursuant to which the Fosters were to purchase certain real property from appellees Linda Alden and Danny Brandon. Ronnie McCord, Clint McCord, and McCord Farms, LLC (collectively, the McCords or the McCord defendants), appeal because they had the property under lease and the circuit court's grant of summary judgment extinguished their right of prior refusal to purchase the land. Ditch 56 Farms, LLC, had a contract to purchase the property from the McCord defendants and appeals from the circuit court's determination that its motion to intervene was moot.[1]

---

[1]On May 30, 2013, the supreme court denied Ditch 56 Farms's motion to assign this appeal to the supreme court.

SLIP OPINION

In June 2008, Sylvester Brandon leased 160 acres of farmland to Ronnie and Clint McCord for ten years. The lease provided that it was to be binding on the parties and their heirs and assigns. If Brandon were to sell the property, it was to be subject to the lease. The lease also included the right of first refusal for Sylvester's children, Linda Alden and Danny Brandon. A right of second refusal was given to the McCords.

Sylvester Brandon died in April 2010, having never offered to sell the land. His will left one tract of eighty acres to Brandon and another eighty-acre tract to Alden, and his estate executed distribution deeds to them. The McCords have continued to farm the land in accordance with their lease.

In November 2011, the Fosters contracted to purchase all 160 acres from Danny Brandon for $528,000. Alden did not sign the contract but both Brandon and Alden deposited earnest-money checks from the Fosters. Three weeks later, Brandon and Alden signed separate but similar contracts honoring the McCords' right of first refusal at the same price as offered by the Fosters. The next day, December 9, 2011, the McCords executed an offer and sale contract whereby they would convey the property to Ditch 56 Farms for the same price offered by the Fosters.[2]

The Fosters filed suit on January 18, 2012, seeking a preliminary injunction, declaratory judgment, and specific performance of the sales contract, or, in the alternative, damages for breach of contract against Brandon and Alden. Ronnie and Clint McCord were

---

[2]The circuit court would later find that Ditch 56 Farms had entered into a contract on December 14, 2011, where it would sell the property.

named as parties because the Fosters sought declaratory relief as to the validity of the McCords' right of refusal and the McCords' contract to purchase the property from Brandon and Alden.

The circuit court granted the Fosters' request for an ex parte temporary restraining order, and enjoined the McCord defendants, Brandon, and Alden from closing the sale for the purchase of the property. This order was later extended by agreement of the parties.

Brandon and Alden responded that the complaint should be dismissed and pled unclean hands and estoppel to all claims. The McCords also answered, denying the material allegations of the complaint. They also sought dismissal of the complaint on the basis that the Fosters were not parties to the lease agreement between themselves and the decedent. Their answer also included a counterclaim against the Fosters and a cross-claim against Brandon and Alden. Both the counterclaim and the cross-claim sought damages for intentional interference with a contractual relationship.

On July 9, 2012, Ditch 56 Farms filed a motion to intervene, and its proposed complaint sought declaratory judgment, specific performance, and damages against Alden, Brandon, and the McCord defendants.

On July 23, 2012, the Fosters moved for summary judgment, asserting that Alden and Brandon had breached the sales contract, and requesting that they be granted judgment against Brandon and Alden. They also sought a declaration that the McCords' contract to purchase the property from Brandon and Alden was unenforceable. In an accompanying brief, the Fosters argued that the McCords' right of refusal was never triggered because the decedent

3

never offered the property for sale, which, according to the Fosters, was a condition precedent for the right of refusal for the McCord defendants.

After hearing arguments on the motion, the court granted summary judgment to the Fosters and ordered Brandon and Alden to specifically perform their contract with the Fosters. The court found that the decedent had never offered the property for sale during his lifetime and that the right of refusal held by Brandon and Alden merged into the fee title and was extinguished when they inherited the property from their father. It also held that the conveyance to the Fosters would be subject to the remaining terms of the McCords' lease, with the exception of the right of refusal provision. Because of the manner in which Brandon and Alden acquired the property (i.e., inheritance), the McCords' secondary right of refusal was never triggered. As a result, the court concluded that Ditch 56 Farms's intervention motion was moot. The court ended its order by stating "all issues between the parties are disposed by this Order, and the case will be removed from the docket."[3] Both the McCords and Ditch 56 Farms filed timely notices of appeal.

The question of whether an order is final and appealable is jurisdictional, and we are obligated to consider the issue on our own even if the parties do not raise it. *See Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Solutions, Inc.*, 372 Ark. 286, 275 S.W.3d 162 (2008). Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1)(2012), a party may appeal from a final judgment or final decree of the circuit court. Absent a certificate from the

---

[3]The circuit court later awarded the Fosters attorney's fees of $16,244 and costs of $456 against Brandon and Alden.

circuit court directing that the judgment is final, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. Ark. R. Civ. P. 54(b)(2)(2012). When a lawsuit contains more than one claim for relief, a judgment that adjudicates fewer than all of the claims is neither final nor appealable. *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.*, 2010 Ark. App. 483 (per curiam). The requirement that an order must be final and appealable is observed to avoid piecemeal litigation. *Wright v. Viele*, 2012 Ark. App. 459.

An order is final and appealable if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Robinson v. Villines*, 2012 Ark. 211. Here, the circuit court's order granted summary judgment to the Fosters on the claims in their complaint against Brandon, Alden, and the McCord defendants. However, that order did not specifically decide the McCords' counterclaim for damages against the Fosters or their cross-claim for damages against Brandon and Alden. Although strict formality in language is not necessary, a judgment must specify clearly the relief granted or other determination of the action. *McWhorter v. McWhorter*, 2009 Ark. 458, 344 S.W.3d 64; *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967). Clearly, the action of the court was deficient as a *final* determination of the rights of the parties. Instead, the court merely said that those claims were "disposed of," without stating what disposition was made of those claims or otherwise discharging them from the action. Therefore, in the absence of an effective Rule 54(b) certification or a final order, we must dismiss the McCords' appeal

without prejudice. *Holbrook v. Healthport, Inc.*, 2013 Ark. 87.

We must likewise dismiss Ditch 56 Farms's appeal from its attempted intervention for lack of a final order. Although the denial of a motion to intervene is appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(2), *see Duffield v. Benton Cnty. Stone Co.*, 369 Ark. 314, 254 S.W.3d 726 (2007); *Billabong Prods., Inc. v. Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983), the circuit court neither denied nor dismissed the motion. Instead, the court simply concluded that the motion to intervene was moot in light of its grant of summary judgment to the Fosters. Because the circuit court never expressly disposed of the motion to intervene, we must dismiss Ditch 56 Farms's appeal. *Holbrook*, *supra*. Moreover, the finding of mootness was expressly predicated on the grant of summary judgment to the Fosters; because we cannot proceed with the McCords' appeal for lack of a final order, we are also unable to address Ditch 56 Farms's appeal.

Appeal dismissed.

HIXSON and WOOD, JJ., agree.

*Law Office of Wendell L. Hoskins II*, by: *Wendell L. Hoskins II* and *Mary K. Walker*, for appellant Ditch 56 Farms, LLC.

*Mixon Law Firm*, by: *Donn Mixon*, for McCord appellants.

*Hayes, Alford & Johnson, PLLC*, by: *L. Cody Hayes*, *John D. Alford*, and *Christopher B. Conley*, for appellees Linda Alden and Danny Brandon.

*Waddell, Cole & Jones, P.A.*, by: *Ralph W. Waddell* and *Justin E. Parkey*, for appellees Stanley Foster and Judy Foster.

SLIP OPINION