Cite as 2019 Ark. App. 582

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-19-139

| | |
|---|---|
| KEN LANCASTER AND TABITHA LANCASTER<br><br>APPELLANTS<br><br>V.<br><br>ROGERS CONSTRUCTION, INC., AND JOHN AND JANE DOES 1–99<br>APPELLEES | Opinion Delivered: December 11, 2019<br><br>APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CV-11-19]<br><br>HONORABLE GREGORY L. VARDAMAN, JUDGE<br><br>APPEAL DISMISSED WITHOUT PREJUDICE |

**RITA W. GRUBER, Chief Judge**

Kenneth and Tabitha Lancaster appeal from the Clark County Circuit Court's dismissal of their complaint and granting the motion for summary judgment of Rogers Construction, Inc. We dismiss for lack of jurisdiction.

On April 12, 2006, the Lancasters entered into a contract with Rogers Construction, Inc., to design and build their home in Arkadelphia, Arkansas. After construction of the home was completed, the Lancasters noticed various defects in the home, including gaps between the brick and the slab, that the bathroom and front of the house were sinking, cracked bricks, cracked sheetrock, and excessively sweating windows. On February 17, 2011, Mr. Lancaster filed a complaint against Rogers Construction, Inc.; Roger E. Rogers, individually; Rustan K. Rogers, individually; and John and Jane Does 1–99. He alleged claims for breach of express contract, breach of implied contract, breach of implied

warranties, negligence, strict liability in tort, and fraud by misrepresentation or concealment. Rogers Construction filed an answer denying the allegations, and Roger Rogers and Rustan Rogers filed a motion to dismiss the complaint.

On May 26, 2011, the circuit court entered an order dismissing in part the complaint against Roger Rogers and Rustan Rogers. The court found that there was "no allegation of facts contained" in the complaint for which Mr. Lancaster could obtain relief against the individual defendants for breach of the written contract because they were not parties to the agreement. The court also found there were no facts alleged in the complaint under which Mr. Lancaster could obtain relief from the individual defendants under a theory of products liability. The court ordered that the complaint against Roger and Rustan be dismissed without prejudice regarding breach of express contract and product liability. It then ordered that "the Motion to Dismiss filed by the Defendants, Roger E. Rogers and Rustan K. Rogers concerning the remaining portions of Plaintiff's Complaint are denied" and gave them ten days to file an answer to the complaint. Roger and Rustan filed an answer on May 31, 2011.

On April 26, 2017, Mr. Lancaster filed an amended complaint adopting each and every allegation contained in the original complaint and requesting the court to add his wife to the action as a plaintiff. Rogers Construction filed an answer, and Roger and Rustan again filed a motion to dismiss the complaint. The court never ruled on the motion to dismiss, but it granted the motion to join Mrs. Lancaster as a plaintiff in an order entered on July 20, 2018.

The Lancasters filed a second amended complaint on August 13, 2018, "assert[ing] each and every allegation of their original Complaint filed herein and reassert[ing] all claims, not barred by Court Order, on behalf of both Plaintiffs." Rogers Construction filed an answer to the second amended complaint; the individual defendants did not. On September 10, 2018, Rogers Construction filed a motion for summary judgment arguing that the written contract between the parties excluded liability for damages resulting from the shifting or settling of ground, that the damage to the Lancasters' home was caused by settling of the ground beneath the house, and therefore their damages were excluded under the contract. After a hearing on the matter, the court entered an order on November 28, 2018, dismissing the Lancasters' complaint with prejudice, finding that there were no material issues of fact and that the undisputed evidence demonstrated the damages claimed by the Lancasters were "expressly excluded under the written contract." The Lancasters filed a notice of appeal from the court's order.

With limited exceptions not applicable here, Arkansas Rule of Appellate Procedure–Civil 2(a) permits appeals only from final orders of a circuit court. An order must be final for the appellate court to have jurisdiction; thus, we may consider this issue even though the parties have not raised it. *Ditch 56 Farms, LLC v. Foster*, 2013 Ark. App. 505, at 4. Pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure, an order in which fewer than all claims are adjudicated is not an appealable order unless the circuit court expressly directs the entry of a final judgment to claims disposed of and expressly determines that there is no just reason for delay. *Billingsley v. Planit Dirt Excavation*, 2011 Ark. App. 449, at 2. The complaint in this case alleged claims against Rogers Construction, Inc., Roger Rogers, and

3

Rustan Rogers for breach of express contract, breach of implied contract, breach of implied warranties, negligence, strict liability in tort, and fraud by misrepresentation or concealment. In an order entered in 2011, the court dismissed the claims of breach of "express contract" and "product liability"[1] against Roger and Rustan. In 2018, the court granted Rogers Construction's motion for summary judgment on the breach-of-contract claim. It is not clear, however, what disposition was made of the remaining claims against Rogers Construction, Roger Rogers, and Rustan Rogers.[2] In the absence of a clear and final determination of the rights of the parties or a properly executed Rule 54(b) certificate, we have no jurisdiction over this appeal.

Appeal dismissed without prejudice.

KLAPPENBACH and BROWN, JJ., agree.

*Walthall Law Firm, P.A.*, by: *Cecilia Ashcraft* and *G. Christopher Walthall*, for appellants.

*McMillan, McCorkle & Curry, LLP*, by: *F. Thomas Curry*, for appellee Rogers Construction, Inc.

---

[1]We recognize that the complaint designates this claim as "strict liability in tort."

[2] We note that appellants did not state in their notice of appeal that they abandoned any pending but unresolved claims. See Ark. R. App. P. –Civ. 3(e)(vi) (2019).