Cite as 2021 Ark. App. 357

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–20–43

| | |
|---|---|
| | **Opinion Delivered** September 22, 2021 |
| WILLIAM DURDEN | |
| APPELLANT | |
| | APPEAL FROM THE CRAWFORD |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 17CV-16-153] |
| CITY OF VAN BUREN; CITY OF VAN BUREN POLICE DEPARTMENT; OFFICER KEVIN DUGAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JOHN DOES 1–5, SAID DESIGNATION REPRESENTING THOSE INDIVIDUALS AND/OR ENTITIES EXERCISING CONTROL OVER THE PLAINTIFF; JOHN DOES 6–10, SAID DESIGNATION REPRESENTING THE LIABILITY INSURANCE CARRIER(S) | HONORABLE MICHAEL MEDLOCK, JUDGE |
| APPELLEES | AFFIRMED |

## MIKE MURPHY, Judge

Appellant William Durden appeals from the Crawford County Circuit Court's order granting summary judgment to appellees and dismissing his complaint with prejudice. Durden argues on appeal that the circuit court erred in granting summary judgment because there was a genuine issue of material fact as to his "right to be free from arrest" by virtue of standing on a boat dock in a private marina. We affirm.

On April 26, 2014, Durden was arrested at the Goose Harbor Marina in Van Buren, Arkansas, for public intoxication, disorderly conduct, and resisting arrest. Durden was arrested while he was standing on a dock at the marina near his boat in which he lived. He was tried and convicted, but his charges were dismissed on appeal from district to circuit court. Thereafter, Durden brought suit against the arresting officer (separate appellee, Kevin Dugan), the City of Van Buren, and ten John Doe defendants alleging constitutional violations by Officer Dugan and the city under 42 U.S.C. section 1983 and the Arkansas Civil Rights Act (ACRA). The case was removed to federal court, which granted the appellees' motion for summary judgment on the federal claims (significant to this appeal, that court found that Officer Dugan had probable cause to arrest Durden).

Durden then refiled the remaining state claims, and the final amended complaint contained the following counts: (1) Officer Dugan violated Durden's right to be free from unreasonable search and seizure under the Arkansas Constitution; (2) Durden's right to be free from an unlawful arrest was violated because the officer made the arrest outside his jurisdiction; (3) Officer Dugan falsely testified at trial, "causing the unlawful conviction"; and (4) intentional infliction of emotional distress caused by Officer Dugan's unlawful arrest and false testimony.

The appellees filed a motion for summary judgment asserting that no genuine issue of material fact exists, and the claims can be decided as a matter of law. They argued that Durden failed to establish any constitutional violation that would support his ACRA claims because Officer Dugan had probable cause to arrest Durden, precluding any constitutional violation. The appellees explained that Officer Dugan is entitled to qualified immunity in

his individual capacity as to the ACRA claims, and finally, they contended that Durden has not offered any proof that Officer Dugan falsely testified, but even if he did, he is entitled to absolute immunity from any claim relating to testimony provided in his official capacity in a judicial proceeding.

Durden responded. In his response, and relevant to this appeal, he stated that "whether or not the dock is private property where the officer had the right to perfect an arrest is a genuine issue of material fact," and "there also exists a genuine issue of material fact as to whether [Durden] was in the [officer's] jurisdiction that would give rise to a legal arrest." Finally, he asserted that "there is a genuine issue of material fact as to the claim of Intentional Infliction of Emotional Distress," because Officer Dugan "had no valid reason to seek out [Durden]" for arrest, and he "provided false testimony."

The circuit court granted the appellees' motion for summary judgment. It found that no genuine issue of material facts existed and that summary judgment should be granted as to all defendants as a matter of law and based on the arguments presented by the appellees. Durden now appeals. The sole issue on appeal is whether the circuit court erred in granting summary judgment.

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact, and the party is entitled to judgment as a matter of law. *E.g.*, *Smith v. Farm Bureau Mut. Ins. Co. of Ark.*, 88 Ark. App. 22, 30–31, 194 S.W.3d 212, 218–19 (2004). On appeal, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party leave a material question of fact unanswered. *Bryan v. City of Cotter*, 2009 Ark. 172, 303 S.W.3d 64. Summary judgment is

3

also appropriate when the circuit court finds that the allegations, taken as true, fail to state a cause of action. *Green v. City of N. Little Rock*, 2012 Ark. App. 21, at 8–9, 388 S.W.3d 85, 90. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

Durden argues on appeal that summary judgment was inappropriate because a genuine issue of material fact existed as to whether he had a right to be "free from arrest" while in a private marina. He further argues that police are bound by specific jurisdictions, and officer Dugan was acting outside his jurisdiction.[1]

We turn now to whether a material issue of fact exists. The appellees do not dispute that Durden was arrested in a private marina where he lived on his houseboat. Durden contends that his right to be free from arrest[2] was violated because, essentially, he was standing on his front porch and that front porch was not only his home but outside Officer Dugan's jurisdiction. The federal court found that Officer Dugan had probable cause to

---

[1]In his brief to this court, Durden makes no arguments about Dugan's potential immunity from suit in his official and personal capacity and as asserted in the appellees' motion for summary judgment. Because the circuit court granted summary judgment "based on arguments presented by the appellees," and Durden makes no additional arguments on the point to this court, he has abandoned those arguments now on appeal. *Crockett v. Essex*, 341 Ark. 558, 562, 19 S.W.3d 585, 588 (2000) ("[N]o argument regarding a negligence claim is made in this appeal, and we conclude that the Crocketts have abandoned any claim that summary judgment was erroneously granted for that cause of action as well.").

[2] Durden's complaint alleged that his right to be free from unreasonable searches and seizures was violated, but his argument in the summary judgment phase and on appeal to this court has devolved into this more general assertion that he had a "right to be free from arrest."

arrest Durden. It found that Durden was standing on a public[3] boat dock holding a beer, and "because Dugan had probable cause to believe [Durden] was violating the law against drinking in public, [ ] Dugan's arrest of [Durden] was not unreasonable." Durden may not now raise issue of probable cause in state court, *see generally Graham v. Cawthorn*, 2013 Ark. 160, at 12–13, 427 S.W.3d 34, 44, nor does he attempt to do so.

The Fourth Amendment to the Constitution of the United States has been incorporated into the fundamental law of this state and is found in the Declaration of Rights in our present Arkansas Constitution:

> The right of the people of this state to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue except upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized.

Ark. Const. art. 2, § 15.

Notably, the right does not protect a person from arrest. It protects a person from an unreasonable arrest. *Wade v. Ferguson*, 2009 Ark. 618, at 3–4. Durden states that he was not "in public" for the purpose of the public-intoxication statute. And while true that police are bound by their specific jurisdictions when effecting arrests absent certain circumstances, even assuming that Officer Dugan acted outside the scope of his authority by arresting Durden outside his jurisdiction, the analysis still hinges on whether that arrest was unreasonable. As our supreme court wrote in *Wade v. Ferguson*,

> [E]ven assuming that the officers violated Arkansas law when they stopped, detained, and arrested Wade for a misdemeanor offense outside of their territorial jurisdiction, Wade failed to state a claim because he did not assert that the officers' actions were

---

[3]The federal court found that Durden was on a public boat dock. Durden argues to this court that the boat dock was private. This inconsistency does not affect our analysis.

unreasonable. Article 2, section 15 of the Arkansas Constitution prohibits only *unreasonable* searches and seizures.

2009 Ark. 618, at 3–4 (emphasis added).

The federal circuit court, in dismissing Durden's federal claims, found that the officer's actions were not unreasonable and therefore not unconstitutional. The question asked in deciding summary judgment is not whether any fact is in dispute but whether any fact in dispute is material. Substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A material fact is one so significant to the matter at hand such that if it were different, the result reached in the given case would also be different. *Id.* In his brief to this court, Durden does not assert that Officer Dugan's actions were unreasonable, thereby rendering his arguments about the location of the arrest and the officer's jurisdiction immaterial. Accordingly, we hold that the circuit court did not err in granting the appellees' motion for summary judgment.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Wallace, Martin, Duke, and Russell, PLLC*, by: *Valerie L. Goudie*, for appellant.

*Harrington, Miller, Kieklak, Eichmann & Brown, P.A.*, by: *Thomas N. Kieklak* and *R. Justin Eichmann*, for appellees.