Cite as 2023 Ark. App. 35

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-21-534

|  |  |
|---|---|
| | Opinion Delivered February 1, 2023 |
| CRAIG OLSEN AND DAVID MOHR<br>APPELLANTS | APPEAL FROM THE FAULKNER<br>COUNTY CIRCUIT COURT<br>[NO. 23CV-19-1164] |
| V. | |
| JEFF ROPER; SCOTT ROPER;<br>AND DEBBIE BARNES | HONORABLE CHARLES E.<br>CLAWSON III, JUDGE |
| APPELLEES | AFFIRMED |

**MIKE MURPHY, Judge**

Appellants Craig Olsen and David Mohr (the Olsen Group) appeal the decision of the Faulkner County Circuit Court dismissing the case between them and appellees Jeff Roper, Scott Roper, and Debbie Barnes (the Roper Group) for lack of subject-matter jurisdiction. Their sole argument on appeal is that the circuit court erred in granting the motion to dismiss.

This litigation stems from two opposing factions of the St. Matthew Lutheran Church of Conway, a local affiliate of the national Lutheran denomination known as the Lutheran Church-Missouri Synod. In 2019, Mohr was the pastor of St. Matthew. One faction of the congregation wanted to keep Mohr as pastor (the Olsen Group); the other faction (the Roper Group) did not. In early September, church officer elections were held with each side electing

its own officers and each contending the other's election was invalid.[1] The officers elected by the Roper Group voted to terminate Mohr's position as pastor.

On September 10, Olsen, holding himself out as president of the congregation and acting on behalf of the church, moved for a temporary restraining order against the appellees, alleging violations of the church constitution and by-laws. The appellees counterclaimed for their own temporary injunction and declaratory judgment, asking the court to declare them the correct officers.[2] Shortly thereafter, an agreed temporary order was entered. That agreed order, prepared by the Olsen Group, provided "[t]hat the current Pastor of SMLC David Mohr, shall agree to abide by the final decision of the Lutheran Church-Missouri Synod, after all available appeal options have been exhausted."[3]

A day after the agreed order was signed, the Olsen Group filed articles of incorporation for a new church, Christ Lutheran Church of Conway. On November 20, the Olsen Group called a special meeting, and the church members present voted to disband St. Matthew and transfer its real property and assets to the newly created Christ Lutheran, which

---

[1]The Olsen Group believed the Roper Group nominations and votes were invalid because "non-voting" members participated in the vote. Mohr had "excommunicated" the implicated members a few months prior, thus allegedly negating their voting status. The Roper Group asserted, however, that the members at issue were restored as voting members immediately before the officer elections.

[2]On the same day, in a separate case, Jeff Roper moved for a temporary restraining order against Mohr. The two cases were eventually consolidated.

[3]From the outset of litigation, both parties agreed that St. Matthew is a local affiliate of the national Lutheran denomination, more commonly known as the Lutheran Church-Missouri Synod.

happened to be controlled by the appellants, pastored by Mohr, and not associated with the Synod. That same day, Olsen filed articles of dissolution with the Arkansas Secretary of State's office to dissolve St. Matthew and "to transfer all of St. Matthew's liabilities, assets, in equal value; and additionally to transfer all members, officers, and our pastor to Christ Lutheran church of Conway Arkansas." The Olsen Group then changed the locks on the church doors.

This prompted the appellees to file a motion for ex parte temporary restraining order, which the court granted. A hearing followed wherein the court found that the appellants had directly violated the agreed temporary restraining order. They were ordered to withdraw the articles of dissolution; provide church keys to the appellees; and pay the appellees' fines, fees, and costs. The court appointed Roper Group officers as the temporary officers of the church. After taking over the church affairs, the appellees filed one additional motion for contempt concerning some church property and funds, which was also resolved in their favor.

During the pendency of the litigation, Mohr was eventually removed as the pastor of St. Matthew by the Synod and expelled from the denomination's clergy roster. Members of the Roper Group were also acknowledged by the Synod as officers of the church. Upon resolution of these two matters through the Synod's internal reconciliation procedures, the appellees concluded that continued judicial intercedence was unnecessary.

To that end, on May 4, 2021, the appellees filed a motion to dismiss for lack of subject-matter jurisdiction and attached exhibits to that motion, including a letter from

Synod leadership removing Mohr as the pastor (and ultimately expelling him from the clergy roster entirely). In that motion, the appellees explained that because the Synod had settled the matter of the church officers, it would pose a fundamental violation of the separation of church and state for the court to impose any additional judgment on the topic. The circuit court agreed. Finding that the remaining issues would require it to inquire, interpret, and apply church doctrine, it dismissed the case for lack of subject-matter jurisdiction.

In the order to dismiss, the circuit court made it clear that it was making its decision based not only on the pleadings but on a thorough review of the record, which included numerous hearings, exhibits, other pleadings, documents, and information. We therefore treat it as a motion for summary judgment. Pursuant to Arkansas Rule of Civil Procedure 12(b) and (c), a motion to dismiss is converted to a motion for summary judgment when matters outside of the pleadings are presented to and not excluded by the court. *Nielsen v. Berger-Nielsen*, 347 Ark. 996, 1003, 69 S.W.3d 414, 418 (2002). Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

Subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Perroni v. Sachar*, 2017 Ark. 59, at 4, 513 S.W.3d 239, 242. An Arkansas court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought. *Id.*

On appeal, the appellants argue that Arkansas courts have jurisdiction to review and oversee matters such as church elections when property issues are implicated. They

4

extensively cite *Viravonga v. Samakitham*, 372 Ark. 562, 279 S.W.3d 44 (2008), for their proposition. In *Viravonga* the supreme court held that the circuit court had the authority to oversee and determine who may vote in a temple election when two competing factions of Wat Buddha Samakitham had each alleged it represented the true board of directors of the temple corporation. *Id.* at 569, 279 S.W.3d at 49. The court explained that due to the state's "obvious and legitimate interest in the peaceful resolution of property disputes, and in providing a civil forum where the ownership of church property can be determined conclusively," jurisdiction existed for the court "to decide legal questions involving the ownership and control of church property." *Id.*

Here, the parties agree the church officers control the church property. Accordingly, the court did have subject-matter jurisdiction to, at a minimum, grant the temporary injunctive and additional temporary relief to preserve the church property and manage its affairs until the matter of correct church leadership could be otherwise resolved. Thus, we agree with the appellants that dismissing the entire case whole cloth for lack of subject-matter jurisdiction is too expansive a ruling.

Despite this, we agree with the appellees that the ultimate dismissal in this case of the *remaining issues*—specifically, the appellees' own claim for declaratory relief for court-appointed church officers—was appropriate as a matter of law under these specific facts.[4]

---

[4]We note again that the only affirmative relief sought by the Olsen Group was the request for a temporary restraining order at the outset. It was the Roper Group that requested declaratory judgment, and that claim was the only issue left to resolve when they filed their motion to dismiss for lack of subject-matter jurisdiction. So, while the appellees

The question asked in deciding summary judgment is whether facts in dispute are material. *Durden v. City of Van Buren*, 2021 Ark. App. 357, at 6, 635 S.W.3d 342, 346. Substantive law identifies which facts are material. *Id.* A material fact is one so significant to the matter at hand such that if it were different, the result reached in the given case would also be different. *Id.*

Both the United States Constitution and the Arkansas Constitution prohibit the courts from becoming involved in disputes between members of a religious organization that are "essentially religious in nature" because the resolution of such disputes "is more properly reserved to the church." *Gipson v. Brown*, 295 Ark. 371, 374, 749 S.W.2d 297, 298 (1988). In the case at bar, it is important that neither party disputes that St. Matthew is a local affiliate of the national Lutheran denomination, more commonly known as the Lutheran Church-Missouri Synod.

The church's constitution, provided as an exhibit to the complaint filed by the Olsen Group, provides that

> [i]f, at any time, a separation should take place within this congregation, the advice of the officers of District and Synod shall be sought. If, despite all efforts to resolve differences in peace and love, a division into factions shall occur, the property of the congregation and all benefits therewith connected shall remain with those members who continue to adhere in confession and practice to Article 3 of this Constitution as determined by the reconciliation procedures of the Synod. In the event the congregation should disband, all property of the congregation shall, after due settlement of just claims, be conveyed to and become the property of the Mid-South District of The Lutheran Church-Missouri Synod.

---

could have dismissed their own claim (again, the only remaining claim) as a matter of right, they instead moved to dismiss the entire case for lack of subject-matter jurisdiction.

The church's constitution affiliates the church with the Missouri Synod and adopts the Synod's reconciliation procedure if a division should take place within the congregation. The church's constitution further directs that control of the church and its property must remain with the group that is decided through the Synod reconciliation process. Even when property rights are involved, rival factions may be remitted to their remedy within the denomination if its form of government is such as to permit an appeal to higher ecclesiastical authority. *Holiman v. Dovers*, 236 Ark. 211, 212, 366 S.W.2d 197, 199 (1963). Religious freedom encompasses the power of religious bodies to decide for themselves, free from state interference, matters of church government. *Gipson*, 295 Ark. at 377, 749 S.W.2d at 300.

The circuit court acted properly and within its jurisdiction in temporarily restraining the parties in how they may control the church property until the correct church leaders could be conclusively established. The temporary restraining orders and the orders concerning contempt were neutral applications of law to enforce the valid state interest in a peaceful resolution of matters encompassing a dispute over control of property. Importantly, it afforded necessary protection of church assets while the church's own reconciliation process was employed. It, however, was not the court's place, under these undisputed facts, to declare who exactly the ultimate church leadership should be; that decision is ecclesiastical in its character and capable of resolution through the church's internal government. Accordingly, it was not erroneous for the circuit court to dismiss the remaining claims as beyond the scope of its authority. Summary judgment was appropriate.

Affirmed.

KLAPPENBACH and BARRETT, JJ., agree.

*Ryan C. Allen*, for appellants.

*PPGMR Law, PLLC*, by: *Kimberly D. Logue* and *James D. Rankin III*, for appellees.