Cite as 2023 Ark. 3

# SUPREME COURT OF ARKANSAS

No. CV-22-254

| | |
|---|---|
| THE STATE OF ARKANSAS, ACTING THROUGH THE 93RD GENERAL ASSEMBLY<br><br>APPELLANT | Opinion Delivered: January 26, 2023<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-21-4692] |
| V. | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| VERONICA MCCLANE, AS PARENT AND NEXT FRIEND OF HER MINOR CHILDREN; ASHLEY SIMMONS, AS PARENT AND NEXT FRIEND OF HER MINOR CHILDREN; ASA HUTCHINSON, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF ARKANSAS; BARRY HYDE, IN HIS OFFICIAL CAPACITY AS COUNTY JUDGE FOR PULASKI COUNTY; ERIC HIGGINS, IN HIS OFFICIAL CAPACITY AS PULASKI COUNTY SHERIFF; LITTLE ROCK SCHOOL DISTRICT; AND MARION SCHOOL DISTRICT<br><br>APPELLEES | APPEAL DISMISSED; CIRCUIT COURT ORDER VACATED. |

**ROBIN F. WYNNE, Associate Justice**

The State of Arkansas appeals from an order of the Pulaski County Circuit Court

declaring Act 1002 of 2021 unconstitutional and permanently enjoining its enforcement.

Because the circuit court did not have subject-matter jurisdiction to enter the order, we vacate the order and dismiss the appeal for lack of jurisdiction.

In April 2021, the Arkansas General Assembly passed Act 1002 of 2021, codified at Arkansas Code Annotated section 20-7-144 (Supp. 2021), which prohibits state agencies, political subdivisions of the state, and state and local officials from mandating the use of face masks, face shields, or other face coverings. Two lawsuits were filed seeking to declare Act 1002 unconstitutional and to enjoin its enforcement. In the first lawsuit, two parents, Veronica McClane and Ashley Simmons, as parents and next friends of Arkansas schoolchildren, sued the State of Arkansas as well as Senate President Pro Tempore Jimmy Hickey, Jr., Speaker of the House of Representatives Matthew Shepherd, and Governor Asa Hutchinson in their official capacities. Pulaski County Sheriff Eric Higgins and Pulaski County Judge Barry Hyde moved to intervene in this suit. In the other lawsuit, the Little Rock and Marion School Districts sued the State and the Governor. On August 6, 2021, the Pulaski County Circuit Court consolidated the lawsuits, granted the motion to intervene, and issued an "Order for Declaratory Relief and Preliminary Injunction" enjoining the enforcement of Act 1002 and preliminarily declaring the Act unconstitutional under the separation-of-powers and equal-protection clauses of the Arkansas Constitution.

Senator Hickey and Speaker Shepherd filed a notice of appeal from the preliminary injunction on August 20, 2021 (CV-21-421), and lodged the record on August 31. The State filed a notice of appeal on September 3, 2021 (CV-21-441), and lodged a partial record on September 10 and a supplemental record on October 21. Also on October 21, this court

consolidated these interlocutory appeals under CV-21-441.

While the appeal from the preliminary injunction was pending in this court, proceedings continued below. The circuit court held a trial on November 22, 2021. On December 29, 2021, the circuit court entered a "Final Order for Declaratory Relief and Permanent Injunction" declaring Act 1002 unconstitutional on ten grounds. The circuit court held that the Act violates the separation-of-powers clause, article 2's equal-protection provisions, amendment 14's prohibition on local and special legislation, and article 14, section 1's guarantee of public education. The final order also dismissed, with prejudice, all claims against Senator Hickey and Speaker Shepherd. The State filed a notice of appeal from this order on January 28, 2022, and timely lodged the record. This appeal is before us now.

On February 4, 2022, the State filed a "Statement Regarding Mootness of Interlocutory Appeal Due to Entry of Final Judgment and Subsequent Appeal" in CV-21-441, in which the State requested that this court dismiss the appeal from the preliminary injunction, arguing that the appeal became moot when the circuit court entered the final order. We dismissed the interlocutory appeal on February 24, 2022, without reaching the merits.

Before we can reach the merits of this appeal, we must first determine whether the interlocutory appeal from the preliminary injunction—which was pending in this court when the circuit court entered the final order—divested the circuit court of jurisdiction to enter the final order. Although no party raised this issue on appeal, the question of subject-matter jurisdiction is one that we are obligated to raise on our own, because when the circuit court

lacks subject-matter jurisdiction, this court also lacks subject-matter jurisdiction. *Keep Our Dollars in Indep. Cnty. v. Mitchell*, 2017 Ark. 154, at 5, 518 S.W.3d 64, 67.

Once the record is lodged in the appellate court, the circuit court no longer exercises jurisdiction over the parties and the subject matter in controversy. *Myers v. Yingling*, 369 Ark. 87, 89, 251 S.W.3d 287, 290 (2007). An appeal divests the circuit court of jurisdiction only as to matters necessarily or directly involved in the matter under review. *Fewell v. Pickens*, 346 Ark. 246, 257, 57 S.W.3d 144, 151 (2001) (internal citations omitted). An appeal does not stay further proceedings with respect to rights not passed on or affected by the judgment or decree from which the appeal is taken. *Id.* The circuit court retains jurisdiction over matters that are independent of, or collateral or supplemental to, the matter under review. *Id.*

The circuit court entered its final order in this case on December 29, 2021, while the interlocutory appeal from the preliminary injunction was pending in this court. The matter at issue in the final order—whether Act 1002 of 2021 is constitutional—is not independent of, or collateral or supplemental to, the matter under review in the interlocutory appeal. Both the preliminary injunction and the final order address the constitutionality of Act 1002. Therefore, the circuit court lacked jurisdiction to enter the final order while the interlocutory appeal was pending. When a circuit court acts without jurisdiction, its orders and judgments are void. *Ward v. Hutchinson*, 2018 Ark. 270, at 5, 555 S.W.3d 866, 868. Because the circuit court was without jurisdiction to enter the final order, the order is void, and we lack jurisdiction to hear an appeal from it. Accordingly, we vacate the order and dismiss the appeal for lack of jurisdiction.

Appeal dismissed; circuit court order vacated.

Special Justice HOWARD W. BRILL joins.

WOOD, J., not participating.

*Leslie Rutledge*, Att'y Gen., by: *Asher L. Steinberg*, Sr. Ass't Solicitor Gen.; and *Sammie P. Strange, Jr.*, Ass't Att'y Gen., for appellant.

*Mars Law Firm*, by: *Tom Mars*, for separate appellees Vernoca McClane and Ashley Simmons.

*Adam Fogleman*, *Veletta Smith*, *Frank W. Jenner*, and *Dominique Lane*, Pulaski County Attorney's Office, for appellees Pulaski County Judge Barry Hyde and Pulaski County Sheriff Eric Higgins, in Their Official Capacities.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *David R. Matthews* and *Sarah L. Waddoups*, for appellee Asa Hutchinson, in His Official Capacity as Governor of Arkansas.

*Friday, Eldredge & Clark, LLP*, by: *Christopher Heller* and *Martin A. Kasten*; and *Bequette, Billingsley & Kees, P.A.*, for appellees Little Rock School District and Marion School District.

*Wright, Lindsey & Jennings LLP*, by: *Randall L. Bynum*, *Mark H. Allison*, and *Eli Bauer*: brief of amici curiae Jimmy Hickey, Jr., in His Official Capacity as the President Pro Tempore of the Arkansas Senate; and Matthew Shepherd, in His Official Capacity as Speaker of the Arkansas House of Representatives.