Cite as 2023 Ark. 165

# SUPREME COURT OF ARKANSAS

**No.** CV–23–95

RELIANCE HEALTH CARE, INC.;
OVATION HEALTH SYSTEMS, INC.;
RHC OPERATIONS, INC.; EAGLE
HEALTH SYSTEMS, INC.; GNNC, INC.,
D/B/A GOSNELL THERAPY AND
LIVING; SRCNC, INC., D/B/A THE
CROSSING AT RIVERSIDE HEALTH
AND REHABILITATION; BVNC, INC.,
D/B/A MOUNTAIN MEADOWS HEALTH
AND REHABILITATION; SLNC, INC.,
D/B/A SOUTHFORK RIVER THERAPY
AND LIVING; NASHVILLE NURSING
AND REHAB, INC.; BEEBE
RETIREMENT CENTER, INC.; WCNC,
INC., D/B/A KATHERINE'S PLACE AT
WEDINGTON; GVNC, INC., D/B/A
GASSVILLE THERAPY AND LIVING;
MHCNC, INC., D/B/A CARE MANOR
NURSING AND REHAB; MHHNC, INC.,
D/B/A HIRAM SHADDOX GERIATRIC
HEALTH AND REHAB; NWA NURSING
CENTER, LLC, D/B/A THE MAPLES AT
HAR–BER MEADOWS; FPNC, INC.,
D/B/A TWIN LAKES THERAPY AND
LIVING; TXKNC, INC., D/B/A BAILEY
CREEK HEALTH AND REHAB;
WESTWOOD HEALTH AND REHAB,
INC.; BRYAN M. ADAMS; ANTHONY
BRANDON ADAMS; JOHN ELLIS; GENA
TURNER; AMY ROLLINS; AND
ANDREA NEIL

       APPELLANTS

V.

KATHERINE JONES MITCHELL, AS
SPECIAL ADMINISTRATOR OF THE
ESTATE OF JOHN L. MITCHELL,
DECEASED; BARBARA ANN PHILLIPS,

---

**Opinion Delivered:** November 16, 2023

APPEAL FROM THE MISSISSIPPI
COUNTY CIRCUIT COURT
[NO. 47BCV-19-236]

HONORABLE TANYA M. ALEXANDER,
JUDGE

<u>APPEAL DISMISSED</u>.

AS SPECIAL ADMINISTRATRIX OF THE
ESTATE OF BARBARA JEAN CROWE,
DECEASED; MICHAEL ASKUE, AS
SPECIAL ADMINISTRATOR OF THE
ESTATE OF DEBRA IRENE WATKINS,
DECEASED; MARTHA GRAY DONNELL;
JESSIE MARIE MELTON, AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF
VERNIE MARIE GRAVELINE,
DECEASED; DALE FOUNTAIN, AS
SPECIAL ADMINISTRATOR OF THE
ESTATE OF LAURA FOUNTAIN,
DECEASED; MIKE MIMS, AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF
MARY MIMS, DECEASED; BETTY SUE
BRADFORD; KRISTIN MCCUISTION;
BILLY RAY BREWER; LOIS HENLEY;
HEATHER STATON; PEGGY
HOWERTON, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
MELVIN HOWERTON, DECEASED;
TAMMIE SKAGGS, AS SPECIAL
ADMINISTRATRIX OF THE ESTATE OF
PATRICIA ANN SAN MIGEL, DECEASED;
MARY MOLITOR, AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF
WILLARD MOLITOR, DECEASED; STEVE
HARRELSON, AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF
HARVEY "CURTIS" JONES; JANA DAWN
SMITH, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
DONALD KEITH SMITH, DECEASED;
AND ANDY WIGGS, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
HAROLD LEE WIGGS, DECEASED

APPELLEES

**RHONDA K. WOOD, Associate Justice**

2

This is an interlocutory appeal of the Mississippi County Circuit Court's order certifying a class action. Because a majority of this court has granted a writ of certiorari in *Reliance Health Care, Inc. v. Mitchell*, No. CV-23-290, vacating the class-certification order because it was entered before an order on pending motions to compel arbitration, this appeal is dismissed as moot.

The class plaintiffs represent the estates of former residents, as well as some current and former residents, of fourteen different nursing homes. The complaint alleged that these nursing homes were systematically understaffed, causing residents to receive insufficient care. The complaint alleged that this conduct constituted breach of contract and unjust enrichment and violated the Arkansas Civil Rights Act and the Arkansas Deceptive Trade Practices Act.

This complaint was initially removed to federal court and later remanded to the circuit court. *Mitchell v. Reliance Health Care Inc.*, No. 3:19–CV–00370–LPR, 2020 WL 5089585, at ⋆1 (E.D. Ark. Aug. 28, 2020). Back at circuit court, the nursing homes moved to compel arbitration for all but two of the named plaintiffs. Soon after, the plaintiffs filed a motion for class certification. In response, the nursing homes argued that the lawsuit should be stayed pending a ruling on their motions to compel. *See* Ark. Code Ann. § 16-108-207 (Repl. 2016). The circuit court conducted a hearing on both the motions to compel arbitration and the motion for class certification. However, it granted plaintiffs' motion for class certification without ruling on the motions to compel arbitration.

The case then proceeded to this court on two separate tracks. First, the nursing homes sought review through an interlocutory appeal of the class-certification order. *See* Ark. R.

App. P.–Civ. 2(a)(9). Second, the nursing homes petitioned for writ of prohibition, mandamus, and certiorari. They cited section 16-108-207(f), which provides as follows: "If a party makes a motion to the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section." Thus, they argued, granting a writ of certiorari and reversing the class-certification order pending a decision on the motions to compel was warranted. *See Altice USA, Inc. v. City of Gurdon ex rel. Kelley*, 2022 Ark. 199, at 3, 654 S.W.3d 641, 645 (suggesting a writ petition as an appropriate method to enforce section 16-108-207).

On September 28, 2023, a majority of this court granted the nursing homes' writ petition; along with this opinion handed down today is a separate substituted syllabus entry that has been issued in that separate case. *See Reliance Health Care, Inc. v. Mitchell*, No. CV–23-290 (Ark. Nov. 16, 2023). In granting the nursing homes' petition, a majority of this court vacated the circuit court's order granting class certification and ordered the court to rule on the motions to compel before ruling on class certification. This renders the interlocutory appeal of the vacated class-certification order moot. That class-certification order no longer stands. On remand, once the circuit court addresses the motions to compel arbitration, it may reexamine whether to certify the case as a class action.

Appeal dismissed.

Special Justice TIFFANY MILLIGAN BROWN joins.

BAKER, J., concurs.

HUDSON, J., dissents.

4

WOMACK, J., not participating.

**COURTNEY RAE HUDSON, Justice, dissenting.** The majority opinion dismisses this interlocutory appeal based on its September 28, 2023 order granting appellants' petition for extraordinary relief in *Reliance Health Care, Inc. v. Mitchell*, No. CV-23-290. Because I disagree with the ruling of the majority of the court in case No. CV-23-290, I would address the merits of this class-certification appeal rather than dismiss it as moot. Thus, I respectfully dissent.

At the August 31, 2022 hearing on appellants' motions to compel arbitration and appellees' motion for class certification, the circuit court denied appellants' request to stay its decision on class certification pending further discovery on issues affecting arbitration. The court then entered an order on September 30, 2022, certifying the class. However, rather than seeking extraordinary relief from this court at that time, appellants instead elected to pursue their appeal of the class-certification order. It was not until seven months later, on May 2, 2023, *after* appellants had filed both the record and their opening brief in the current appeal, that they filed their petition for a writ of prohibition, mandamus, and/or certiorari, alleging that the circuit court erred by not deciding the arbitration issue first. While requesting that this court issue an extraordinary writ to the circuit court reversing the class-certification order, directing it to enter an order staying all proceedings in this case pending the resolution of the motions to compel arbitration, and barring it from exercising jurisdiction over any other issues, appellants' petition failed to recognize that the circuit court had lost jurisdiction to act due to their own pending appeal. *See, e.g.*, *State ex rel. 93rd General Assembly v. McClane*, 2023 Ark. 3, 657 S.W.3d 872 (holding that once the record is

lodged in the appellate court, the circuit court no longer exercises jurisdiction over the parties and the subject matter in controversy). We have held that the circuit court retains jurisdiction over matters that are independent of, or collateral to, the matter under review. *Id.* Appellants certainly cannot argue that the issue of class certification is independent of, or collateral to, their motions to compel arbitration given their insistence in both their writ petition and their brief in this appeal that "the pending arbitration motions *directly* affect the scope of any class or classes in this matter." (Emphasis in original.)

A majority of this court compounded the error by granting appellants' petition by syllabus entry without explaining our decision or identifying which of appellants' requests for relief were being granted while, at the same time, we still had jurisdiction of this interlocutory appeal. This error necessitated the substituted order entered today in case No. CV-23-290. I initially voted to take appellants' petition as a case both to provide the parties and the circuit court with a more fulsome explanation of our decision and to avoid the jurisdictional problem caused by our earlier order. Now that the issue is again before us, I would deny appellants' request for an extraordinary writ as is reflected in the substituted order in case No. CV-23-290. Accordingly, I would address the issues presented in this interlocutory appeal.

*Wright, Lindsey & Jennings LLP*, by: *Judy Simmons Henry*, *Gary D. Marts, Jr.*, and *Michael A. Thompson*, for appellants.

*Campbell Law Firm, P.A.*, by: *H. Gregory Campbell*; *Reid, Burge, Prevallett & Coleman*, by: *Robert Coleman*; *Marks, Balette, Giessel & Young, PLLC*, by: *David Marks* and *Jacques Balette*; and *Robert H. Edwards*, for appellees.